## JOHN FREDERICK

*vs.*

## ANDREW F. CLARK.

CERTIORARI TO A JUSTICE OF THE PEACE.

The service of a summons issued by a justice of the peace, by leaving a copy at the
usual place of abode of the defendant, with one of his family of suitable age and
discretion, is sufficient to give the justice jurisdiction.

The truth or falsity of an officer's return cannot be inquired into upon common law
certiorari.

A common law certiorari brings up the record merely, and only such questions as
go to the jurisdiction of the inferior tribunal will be considered.

Upon common law certiorari the court will not look into the evidence upon which
the justice rendered judgment. If the latter had jurisdiction, it is sufficient.

THIS was a common law certiorari issued to a justice of the
peace of Dane county. The opinion of the court discloses suf-
ficiently the case.

*Hood*, for the plaintiff in error.

*Roys*, for the defendant in error.

*By the Court*, SMITH, J. This is a common law certiorari is-
sued to a justice of the peace of Dane county.

It appears by the return of the justice, that on the 29th day
November, A. D. 1854, he issued a summons at the suit of
Andrew F. Clark against John Frederick, returnable December
11, 1854. The summons was served by leaving a copy at the
usual place of abode of the defendant, with one of his family of
suitable age and discretion, who was informed of its contents.
This was sufficient to give the justice jurisdiction. If the officer
made a false return, either originally, or by subsequent amend-
ment, he is liable to the party injured, but the truth or falsity

of his return cannot be collaterally inquired into in a proceeding like this.

It is contended by the plaintiff in this writ, that the justice erred in rendering judgment by default, without proof of the claim of the plaintiff below. This may be true, and at the proper time and in the proper mode the error might have been corrected. In the case of *Roberts vs. Warren* (3 *Wis. R.* 736), a similar question was brought before us upon a proceeding like this, but it was held that we could not look into alleged errors of this kind upon a common law certiorari. .

This writ brings up the record merely, and only such questions as go to the jurisdiction of the inferior tribunal can be considered. As before remarked, we think that the return shows that the justice had jurisdiction, and the judgment, therefore, must be affirmed.

Judgment affirmed, with costs.