Ball agt. Warren.

---

# SUPREME COURT

ROYAL BALL agt. HENRY WARREN and others.

THE FARMERS' BANK OF LANSINGBURGH agt. HENRY WARREN and others.

A *motion* to vacate or supersede a writ of *certiorari* issued to remove proceedings into this court, may be made before the *return* to the writ has been filed. But where the motion is to *quash* the writ for irregularity, it cannot be entertained until the return is made and filed.

A writ of *certiorari* to remove proceedings in an action into this court is ineffectual if not filed with the clerk of the court *before judgment* in the action.

Where judgment had been recovered in mayor's court against several defendants,

and execution issued and levy made, but as to one of the defendants, an order of the court had been granted, staying proceedings to enable him to defend the action, and after issue joined he brought a *certiorari* to remove the cause into this court; *Held*, that it was too late, the judgment even as against this defendant had not been vacated, but remained of record.

*Albany Special Term, December*, 1857.

MOTION to set aside proceedings.

These actions were commenced in the Troy mayor's court, in March, 1857. Each action was brought upon a promissory note made by one Chichester, and indorsed by the defendants. On the 4th of April, 1857, judgment was perfected in each action against all the defendants by default. The amount of the judgment in the first action is $312.39, and in the other $369.86.

On the 14th of May, 1857, an order was made by the Troy mayor's court, upon the application of the defendants, by which the default and all subsequent proceedings in these causes were so far set aside, as to allow the defendants therein to interpose a defence within ten days. But the judgment entered, and the execution issued and the levy made in each of said causes was to stand as security for any judgment which might ultimately be recovered in the actions.

The defendant Warren, within the time allowed by the order, put in an answer in which he set up usury as a defence in each cause. The issues were noticed for trial at a term of the mayor's court, to be held on the 8th day of December. On the morning of that day, writs of *certiorari* were duly allowed by a justice of the supreme court, removing the causes into this court, under the provisions of the Revised Statutes relating to the removal of causes from inferior courts. (2 *R. S.* 389.) The defendant also offered to pay the costs of noticing the cause for trial. The costs were by stipulation between the parties taxed on the 9th of December, at about $25 in each cause.

The plaintiffs moved to " set aside, dismiss and vacate," the writs of certiorari in each cause.

Ball agt. Warren.

M. I. Townsend, *for plaintiffs.*
A. C. Geer, *for defendant.*

Harris, Justice.   It was objected on the part of the defend-
ant that this motion is premature, inasmuch as no return had
been made to the writs of *certiorari.*   Were this to be regarded
as a motion to *quash* the writs for irregularity, the objection
would be well taken.   But regarding it as an application to
*supersede* the writs, because improperly allowed, the objection
cannot prevail.   " If the writ be misdirected or otherwise bad
in point of law," says Tidd, " the court will order it to be
*quashed* if before them, or if not returned will grant a *super-
sedeas.*"   (1 *Tidd's Pr.* 335.   *See also* 2 *Burrell's Pr.* 250 ;
*Graham's Pr.* 557 ; *Ferguson* agt. *Jones,* 12 *Wend.* 241.)

It becomes necessary, therefore, to inquire whether the writs
were properly allowed.   Judgments had been recovered
against all the defendants in each action.   Executions had
been issued and a levy made upon the property of the defend-
ants.   As to all the defendants except Warren, these judg-
ments and executions remain in full force.   As to Warren,
the effect of the order of the 14th of May, was not to vacate
or set aside the judgments but to suspend proceedings until it
should be ascertained by a trial whether this defendant in fact
had a defence to the actions.   If upon such trial he should be
able to sustain his defence, the judgments might be set aside,
but if not, then they would be enforced.

The statute provides that a *certiorari* to remove an action
into the supreme court from an inferior court, shall not be ef-
fectual for that purpose, unless it be filed with the clerk of the
court before judgment is entered in such action.   (2 *R. S.* 389,
§ 7.)   In these cases judgments had been entered, and had not
been vacated.   The writs, therefore, were not effectual to re-
move the actions.   The plaintiffs are entitled to an order that
the writs of *certiorari* be *superseded.*   I think, too, that the de-
fendant should be charged with the costs of the motion.