## THE PEOPLE *ex rel.* NATHANIEL HUNTTING *v.* THE COMMISSIONERS OF HIGHWAYS OF EAST HAMPTON.

A *certiorari* does not lie to an inferior tribunal, except to remove proceedings which remain before it.

In order to procure a reversal of an order of commissioners of highways, ordering the removal of fences as being an encroachment in a highway, on *certiorari,* it is necessary that the order should be brought up and made a part of the record.

The order cannot be brought up on a *certiorari* directed to the jury which determined the question as to the encroachment; they having no custody of the order, or power to make a return of it.

The jury are no longer a legal body, after their verdict or finding is signed and they have separated. Hence a return, signed by one of their number, several months afterwards, is no return of the jury as a body or tribunal.

In such a proceeding there is no such officer as foreman, authorized to represent the panel of jurors, and to act for them.

Where a *certiorari* is directed to the jurors, the commissioners of highways cannot become parties by appearing voluntarily and defending their proceedings as commissioners.

The office of the writ of *certiorari* is merely to bring up the record of the proceedings, to enable the supreme court to determine whether the inferior court has proceeded within its jurisdiction, and not to correct mere errors in the course of proceedings.

mo

*Appeal from a judgment of the Supreme Court in the second district, affirming the proceedings of the defendants for the removal of obstructions of a highway in said town.*

THE case does not show what steps had been taken by the defendants as highway commissioners, except what appears in the return of one of the jurors to the *certiorari.* The *certiorari* was issued out of the supreme court, directed to "Edward T. Conklin," and five other persons, naming them "jurors, greeting;" and recited that the court "being willing for certain causes to be certified of the trial before you, as a jury summoned and empaneled under and by virtue of a precept issued by Henry B. Tuthill, Esq., a justice of the peace, on the application of the commissioners of highways of the town of East Hampton, returna-

ble on the 19th of August, 1859, to determine whether Nathaniel Huntting had encroached upon the highway as charged against him in an order of the said commissioners, dated June 11, 1859, as also all the pleadings and proceedings remaining before you on the said proceeding between the parties aforesaid." The writ then commanded them to certify without delay " the said trial, with a copy of the certificate made and signed by you on the said trial, and the pleadings and proceedings, and all other things touching the same, as fully and amply as the same remain before you," &c. To this writ, Edward T. Conklin who describes himself as " foreman of the jurors in the annexed writ mentioned," makes and signs a return, in which he states what took place upon the trial before them. Setting forth the evidence offered by the commissioners, and the objection to it by the relator, and his offer to show that the record, produced by the commissioners as evidence of the highway, was invalid, and that the public had no right of way under it, " and therefore, the fence erected was not an encroachment on a highway." It then recites the objection to the offer by the counsel for the commissioners, and the decision of the jury upon the offer "·that they could not pass upon the validity of the record, but only on the fact of the erection of the fence on the alleged highway, the extent, by whom and when erected." To this is annexed a copy of the certificate made and signed by the jurors at the close of the trial, finding and certifying the encroachment, and specifying the particulars thereof in due form. On the 5th of October, 1860, the relator procured an order for a further return by the jurors. To this order the said Conklin as "foreman," makes an additional return substantially like the first, setting out somewhat more fully the relator's offer, and the grounds and reasons assigned by his counsel, and also the answer of the counsel for the commissioners, and his objections, and their decision that the evidence offered was irrelevant, and that

they would not hear it, or any of it, "to which decision the relator's counsel excepted." To this amended or further return is annexed a copy of the order of the commissioners of said town, dated the 1st of April, 1833, which was read in evidence before them from the town records. This purports to be an order upon a proceeding of the commissioners under the act regulating highways in Suffolk county, "to survey, stake out, and record such width of highway as appears to be necessary for public convenience." This order describes the width and course of the road in question by a particular description. It is then stated, as part of the case, that at the argument before the supreme court, in order to obviate a postponement of the case, to enable the relator's counsel to obtain a further return, it was admitted by the defendants' counsel as a fact "that the jury did not find that any of the land south-easterly of the fence was a highway;" that they refused to entertain the question whether it was a highway or not; and that this fact should be considered by the court as part of the return made by the jurors. The proceeding to remove the encroachment, was under the act of February 23d, 1830, regulating highways in the counties of Suffolk, Queens and Kings. The order of the commissioners of highways on the subject of the encroachment is not returned, and does not appear in any part of the case. The supreme court affirmed the proceedings, and the relator appealed to this court.

*Miller and Tuthill*, for the appellants.

*W. P. Buffett*, for the respondents.

JOHNSON, J.  The proceedings to remove encroachments upon a highway in the counties of Suffolk, Queens and Kings, under the act of 23d February, 1830, applying to those counties exclusively, are identical with the proceed-

ings for the same purpose in other parts of the state, under the revised statutes, except that in the first named act only six jurors out of the twelve summoned are drawn to serve as the jury and try the question.

The object which the relator sought to accomplish by the writ of certiorari, and proceedings under it, was to procure a reversal of the order of the commissioners of highways, ordering the removal of the relator's fences, as an encroachment, and the subsequent proceedings under that order. In order to do this, it was necessary that that order should have been brought up and made part of the record. That order lay at the foundation of all the proceedings, and unless brought up by the return, the entire end and aim of the certiorari must necessarily fail. Of course this order could not be brought up on a certiorari directed to the jury. They had no custody of it. It did not belong to them or remain with them, and they could make no return of it. It is quite apparent that the jury is not the body to which a certiorari should be directed in such a case. They merely come to try a disputed question of fact between the commissioners and the occupant of the land, upon evidence produced before them by either party litigant, and certify their finding. The certificate is to be filed in the town clerk's office, and that is an end of their power and authority in the matter. No part of the record belongs to them, or remains with them, and they can return nothing other than what has been returned here, a mere narrative of the proceedings before them. This is no record, in any legal sense, of the proceedings by which the relator's fence was determined to be an encroachment. A certiorari does not lie to an inferior tribunal except to remove proceedings which remain before it. (*The People* v. *Supervisors of Queens*, 1 Hill, 195.) The writ in question did not properly bring up this certificate of the finding of the jury, even. They were no longer a legal body, after their verdict or finding was signed, and they

had separated, but mere individuals. All their official functions had ceased entirely. And a return signed by one of their number, several months afterwards, was no return of the jury as a body or tribunal. In such a proceeding there is no such officer as foreman, authorized to represent the panel of jurors, and act for them. Where the writ of certiorari is improperly directed, or returned, nothing can be removed by it. (*Bac. Ab. Certiorari, I. Peck* v. *Foot*, 4 How. Prac. Rep. 425.) The writ having been erroneously directed, and the return a nullity, as most obviously it is, the supreme court acquired no jurisdiction over the subject matter. There was nothing before it to reverse or affirm. The defendants seem to have appeared and defended their proceedings as commissioners, though the writ was not directed to them, nor were they required by it to appear or answer. It is difficult to see how they could become parties. But no question of this kind seems to have been raised, on either side, and the proceedings were affirmed in favor of the defendants. The relator has evidently mistaken wholly the office of this writ, which is merely to bring up the record of the proceedings, to enable the supreme court to determine whether the inferior tribunal has proceeded within its jurisdiction, and not to correct mere errors in the course of the proceeding. Here the object seems to have been to bring into review the alleged erroneous rulings of the jury in receiving or rejecting evidence offered on the hearing before them, as though it were a bill of exceptions. Such questions do not arise and can not be reviewed on certiorari. (*Birdsall* v. *Phillips*, 17 Wendell, 464.) It is evident enough that both the defendants and the jury had jurisdiction in the matter before them. But the proceedings not being before the supreme court, there was nothing for them to affirm. Their judgment should have been a dismissal of the writ, or that the relator take nothing by it.

The judgment of the supreme court must, therefore, be reversed, and the case remitted to that court, with directions to dismiss the proceedings, but without costs to either party.

All the judges concurring, judgment accordingly.