25 543
d92 550

MORSE VS. SPEES and another.

PRACTICE. *Judgment on* certiorari.

Where, upon *certiorari* to a justice's court, regularly allowed, served and returned, the circuit court renders a judgment of dismissal (instead of affirmance or reversal), it must be reversed here, without reviewing the judgment of the justice.

APPEAL from the Circuit Court for *Grant* County. The case is stated sufficiently in the opinion.

*S. U. Pinney*, for respondents, contended, among other things, that dismissing the writ was equivalent to affirming the judgment of the justice, and that appellant could not complain of the *form* of the judgment in the circuit court, if he was not entitled to have the justice's judgment reversed.

*Bushnell & Clark*, contra, argued that the appellant was entitled to have the questions which he properly brought before the circuit court passed upon; and that, the judgment having been for dismissal, the questions raised under the writ would not be *res adjudicatæ*, should the appellant sue out another writ of *certiorari* for the same purpose.

DIXON, C. J.. This is an appeal by the plaintiff in a common-law writ of *certiorari*, from the judgment of the circuit court dismissing the writ. The writ was to a justice of the peace, to bring up the record, etc., in a certain action tried before him, in which judgment had been rendered against the plaintiff in error, and in favor of the defendants in error. It was regularly allowed, sued out, served and returned. The circuit court, having heard the cause, dismissed the writ, and gave judgment against the plaintiff in error for costs. The question is upon the regularity of this judgment. We think it was irregular. Judgment of dismissal is only proper for

defects in the writ, or the service, or for want of jurisdiction. But here there were no such defects, and the court had jurisdiction. The judgment of the circuit court should have been one of affirmance or reversal of the judgment of the justice. On appeal from such a judgment, the regularity of the proceedings before the justice, so far as they were capable of being inquired into, on the writ, could be reviewed by this court; but upon this appeal there can be no such review. We can only inquire as to the cause of dismissal, and it appearing that there was no good cause, the judgment must be reversed, however well we may be satisfied that the errors complained of in the proceedings before the justice were not such as could be remedied by the writ. The plaintiff in error was entitled to judgment in such form that he could take the opinion of this court upon that question.

*By the Court.* — The judgment is reversed, and cause remanded for further proceedings according to law.