MILWAUKEE IRON Co. and others vs. SCHUBEL, Town Clerk, etc.

*Certiorari to town board of review—Taxation.*

1. A *certiorari* to bring up the proceedings of a town "board of review" in the valuation of real property, is properly directed to the town clerk, because he (under sec. 28, ch. 130, Laws of 1868), has legal possession and control of the record of such proceedings, and he alone can make return to the writ.

2. It is the settled doctrine of this court, that upon a common law *certiorari* to a justice of the peace, only defects or errors affecting the *jurisdiction* of the justice will be considered; there being a sufficient remedy for other errors by a statutory *certiorari*, or by an appeal. *Owens v. The State*, 27 Wis., 456, and *The State v. Huck, ante* page 202 approved.

3. But as to proceedings of a summary character, out of the course of the common law, like those of a town "board of review" under our statute, in which powers are exercised affecting valuable rights of property, and where there can be no direct review of its determination except upon a common law *certiorari*, there, although the board may have jurisdiction to fix the value of the property, yet, if its proceedings therein violate the clear provisions of the statute, they will be corrected upon such writ.

4. The decision in *The State v. Goodwin*, (24 Wis., 286), that a common law *certiorari* brought up for review proceedings taken under the statute for vacating a highway, and that the court would review the whole proceedings to see if they were in conformity to the statute, approved.

5. The sworn statements and examinations which (by sec. 25, ch. 130, Laws of 1868) are required to be reduced to writing and filed with the town clerk, are a part of the record of the "board of review" in the respective cases to which they relate, and will be brought up by the *certiorari;* and all questions arising upon the face of such record may be reviewed, and errors of law appearing therein corrected.

6. The "board of review" has no authority to value property arbitrarily or capriciously, but must be governed by the sworn evidence before it, where that is clear and uncontradicted; although, if the evidence is conflicting, the decision of the board may be final.

7. Where, therefore, the petition for a *certiorari* shows that the "board of review" acted arbitrarily, in entire disregard of the sworn evidence, a motion to quash the writ is denied.

MOTION to quash a writ of *certiorari.*

Upon petition of the *Milwaukee Iron Company*, setting forth the action of the board of review of the town of Hubbard in Dodge county, in relation to the assessment of the real estate of the company in that town, this court, in October, 1871, issued its common law writ of *certiorari* to *Schubel*, the town clerk of that town, in the form stated in the opinion of the court. The respondent now moves to quash the writ for several reasons also stated in said opinion.

 *S. U. Pinney*, for the motion.

 *Emmons & Hamilton, contra.*

COLE, J. This is a common law *certiorari*, issued out of this court for the purpose of bringing up for review the proceedings of the board of review of the town of Hubbard, in Dodge county, in assessing and fixing the valuation of the property of the Wisconsin Iron Company, situated in that town. The writ was issued in October last, and was directed to the town clerk of the town, commanding him to send up a "full and complete record of the testimony taken before said board of review, together with the record of all the proceedings and judgment or finding of said board of review upon the application" of the Wisconsin Iron Company for a reduction of the value assessed upon its real estate. A motion is made to quash the writ:

*First.* Because it is not issued or directed to the tribunal that made the determination complained of and sought to be reviewed, and because the power and functions of the board of review of the town of Hubbard have ceased.

*Secondly.* Because it does not appear that the defendant in error or said board have exceeded their powers or jurisdiction; nor do the matters stated in the petition for the writ have any tendency to establish such a fact.

*Thirdly.* Because the petition and writ wholly fail to show on their face any case in which such writ ought to issue.

*Fourthly.* Because the writ is, in other respects, informal, defective and insufficient.

In answer to the first objection, the counsel on the other side says, that the settled rule in all cases from necessity is, to direct the writ to the tribunal, person or persons having the possession and legal custody of the record of the proceedings sought to be reviewed; and that, as in this case the town clerk alone had the legal control and possession of the proceedings of the board of review, he was the person to whom the writ should be directed. This answer appears to us entirely satisfactory and conclusive. There can be no doubt that the record of the proceedings of the board is in the possession and under the control of the clerk. Section 28, chap. 130, Laws of 1868, makes it the duty of the assessors to deliver their assessment rolls as corrected by the board, with all sworn statements and valuations of personal property, to the clerk of their town, city or village on or before the first Monday of August of each year, which latter records are to be " filed and preserved by said clerk." The clerk, then, had the legal custody and possession of the record of the action of the board, and of all statements, and of examinations of persons under oath made before the board ; and he alone could make return to the writ. Of course the object of the writ is to reach this record wherever it is, and bring it before this court for review. It, therefore, appears that the objection that the writ was improperly directed to the town clerk is untenable. (See, upon this point, *The People v. Highway Com'rs,* 30 N. Y., 72; and *The People v. Reddy,* 43 Barb., 540.)

But the important question raised by this motion is really

the one involved in the second and third grounds assigned for quashing the writ. And that is, whether, upon a common law writ of *certiorari*, this court can inquire into the determination of the board of review, and correct errors committed by it in assessing and fixing the valuation of the real estate of the company. The counsel for the defendant denies the efficacy of the writ, upon the ground that this court would have no right to review the evidence taken before the board, and determine whether it sustains its decision in the premises, but can only review questions of jurisdiction or power. The doctrine is frequently stated in the books, that the office of a *certiorari*, at common law, is only to bring up for review questions of jurisdiction, power and authority on the part of the inferior tribunal; and that the appellate court is confined to a simple consideration whether the inferior tribunal had jurisdiction, and whether the proceeding and order was within that jurisdiction? And, if the appellate court finds that the inferior tribunal has not exceeded its jurisdiction, it will not go further and inquire whether the order or judgment complained of was right upon the merits.

This statement of the law is, doubtless, sufficiently accurate when considered in connection with the cases in which it is generally made. But this rule is not always strictly adhered to, as an examination of the adjudged cases will abundantly prove. Courts do frequently consider, upon a common law *certiorari*, defects and errors in the proceedings of the inferior tribunal which are not strictly of a jurisdictional nature. "Questions relating to the regularity of the proceedings, or questions of law which arise on the face of the record, or of the proceedings and orders, which are in the nature of records, will be noticed." Senator PAIGE, in *Stone v. Mayor and Aldermen, etc.*, 25 Wend., 168. Indeed, in many instances the final adjudications of persons invested with power to decide on the property or rights of the citizen, and who act in a summary manner, or in a new course, different from the common law, are reviewed upon *cer-*

*tiorari.* Especially is this true in regard to the proceedings of assessors in the valuation of property for the assessment of taxes, and in the proceedings of commissioners laying out highways, and awarding damages for property taken for public use.

In the case of the *People v. Reddy, supra,* which was common law *certiorari* to remove the proceedings in relation to an assessment upon the real and personal property of the relator, the supreme court examined the principal upon which the assessment was made, as well as the evidence before the assessors, and held that the assessment was clearly unwarranted by the evidence. It is true that in that case the writ was dismissed because it was directed to the assessors, and it appeared that the roll or record was no longer in their possession or under their control. But the case is directly in point upon the question as to what matters can be considered on the writ in the present case.  In *Baldwin v. City of Buffalo,* 35 N. Y., 375, there is a very clear intimation in the opinion of Justice MORGAN, that on a common law *certiorari* to review the proceedings of comissioners appointed to award damages upon opening a highway, such writ would bring up so much of the evidence as was necessary to present the question of law upon which the relator relies to avoid the decision of the commissioners.  But it is proper to add that that precise question was not before the court for decision.  Again, in *Swift v. City of Poughkeepsie,* 37 N. Y., 511, which was an action to recover back an illegal tax assessed and paid, the court, while denying that, upon the facts, the action could be maintained, yet suggest that the plaintiff had an ample remedy, by *certiorari,* to correct the assessment, had he availed himself of it in season, and say that such a writ would not only bring up the naked question of jurisdiction, but the evidence on which the body acted to which the writ is directed, as well as the ground or principle of their action.

In *The People v. Board of Assessors,* 39 N. Y., 81, the court fully examine the action of the assessors, and correct the errors committed by them in making the asssessment.  In

speaking of the office of the writ of *certiorari*, the court states the rule resulting from the adjudged cases in New York as follows: "Its office extends," says MASON, J., "unquestionably to the review of all questions of jurisdiction, power and authority of the inferior tribunal to do the acts complained of, and all questions of regularity in the proceedings, that is, all questions whether the inferior tribunal has kept within the boundaries prescribed for it by the express terms of the statute law, or by well settled principles of the common law." But in the case of *The People v. The Assessors of Albany*, 40 N. Y., 154, which was a *certiorari* to review the proceedings of the board of assessors, the court in effect hold that the writ brings up the merits as well as questions of jurisdiction and regularity, and that, where the assessors have neither exceeded their powers, nor been irregular in exercising them, the court will still examine and correct their decision, if erroneous. And the court did in that case reduce the assessment, upon the facts stated in the affidavit which was presented to the assessors, from $500,000 to $5,000.

In *The People v. The Board of Police*, 39 N. Y., 506, the court likewise lay down the doctrine that on a common law *certiorari* the court may go beyond the inquiry whether the inferior tribunal had jurisdiction of the person and subject matter, and whether its proceedings and judgment were within that jurisdiction, and affirms the proposition that it may also examine the case upon the whole evidence, to ascertain whether any error had been committed in the proceedings before such inferior tribunal. The writ in that case was sued out to review a judgment or order of the board of police imposing a fine upon the relator for absence from duty. The opinion was delivered by WOODRUFF, J., and is quite full and instructive. He examines many of the cases in New York, and comes to the conclusion that a disposition has been too frequently manifested by the courts of that state to limit the office of the writ within too narrow bounds, and finally proceeds to examine the case.

upon the whole evidence, in order to determine whether, as a matter of law, there was any proof which authorized the conviction. (See also the case of the *Bank of the Commonwealth v. Mayor*, 43 N. Y., 184.)

In this state, the common law writ has almost invariably been brought to review the proceedings and judgments of justices of the peace, and this court has, with much uniformity, declined to consider upon such writ any but jurisdictional questions, or such questions of law as might arise upon the docket entries of the justice. The court has refused to try the merits of the action by a common law writ; or to examine any alleged error of the justice in his rulings on the trial; or to consider any objection which involved an inquiry into the evidence. There was no way provided by which such decisions and rulings became a matter of record; and, besides, an adequate remedy was afforded for a review of these judicial acts by means of the statutory writ of *certiorari*, or by appeal. There was, therefore, no necessity for enlarging the power and office of a common law *certiorari* in this class of cases, inasmuch as any one whose rights were injuriously affected by the errors and mistakes of the justice upon such questions, had an ample remedy open to him. Therefore, in the very latest cases which have come before this court, where we have had occasion to consider the question (*Owens v. The State*, 27 Wis., 456, and *The State v. Huck, ante*, p. 202) the chief justice has stated, with much emphasis, that it is only errors or defects going to the jurisdiction of the justice which will be inquired into upon the common law writ of *certiorari*, because, for all other errors or mistakes, the aggrieved party has his remedy by appeal. This settled doctrine of this court it is our purpose to maintain.

But, in proceedings of a summary character and out of the course of the common law, like the proceedings of the board of review under our statute, in which powers are exercised affecting valuable rights of property, and where there can be no di-

rect review of their determinations unless upon a common law writ of *certiorari*, whatever errors they may commit, and however clear it may be upon the undisputed facts that their decision is erroneous, there a different practice may well obtain. There, although the board may have jurisdiction of the property, yet if, in their proceedings, they violate clear provisions of the statute in fixing the valuation of it, their mistakes and errors may be corrected upon a common law writ of *certiorari.* For while, in the language of Mr. Justice PAINE in *Stokes v. Knarr*, 11 Wis., 389–392, " it is true this writ reaches only defects upon the record, and that it is generally resorted to for the purpose of preventing inferior tribunals from exceeding their jurisdiction, yet it is not confined to cases where there is an entire want of jurisdiction, but may be resorted to where, having jurisdiction of a proceeding, those tribunals make an order or judgment which exceeds their powers." An application of the principle of this decision to the facts stated in the petition and writ in this case, will fully sustain the court in reviewing the errors committed by the board of review, upon the law and evidence. In the case of the *State v. Goodwin et al.*, 24 Wis., 286, this court held that a common law *certiorari* properly brought up for review the proceedings taken under the statute for vacating a highway, and that it would examine the entire proceedings to see if they were regular and in conformity to the statute.

It is believed that these authorities are sufficient to show that the writ in the present case need not necessarily be ineffectual, because this court would not be restricted to the mere inquiry whether the board of review had jurisdiction of the property of the company. This court can go beyond that question, and inquire whether the board was guilty of any excess of jurisdiction, and consequently may look into the record, or what is of the nature of a record, to see if the board in its decision violated its duty and the rules of law prescribed for its action.

The statute requires that the assessors shall lay before the board of review their assessment roll of the real property, and

all the sworn statements made by others, and statements and valuations made by them of personal property and bank stock. It is made the duty of the board, under their official oaths, to carefully review and examine the roll and statements, and all valuations of real and personal property and bank stock, and to correct any errors apparent in the description or otherwise, and for that purpose they are required to hear and examine any person or persons upon oath who shall appear before them, in relation to the assessment of any property upon said roll, or in relation to any property omitted therein; " and such examination shall be reduced to writing by the clerk, and carefully preserved on file in his office; and, if it appear that any property has been valued by the assessor too high or too low, they shall increase or lessen the same to the true valuation, according to the rules for valuing property prescribed in the act." Section 25, chap. 130, Laws of 1868. We have already referred to another provision of the law which requires the clerk to file and preserve this evidence in his office. Now, it is apparent that these sworn statements and examinations, which are reduced to writing and preserved by the clerk, constitute a part of the record of the proceedings of the board in a given case. And the writ of *certiorari* would properly bring up this evidence as a part of the history of the proceedings, as it brought up all the written orders and acts done by the supervisors in the case of *State v. Goodwin*, for vacating the highway. Therefore, whatever questions arise upon the face of the record, or whatever errors of law the board committed, may be reviewed.

The correctness of the action of the board of review is a matter which can fully be gone into when the clerk makes a return to the writ. We shall refer to it now upon this motion to quash merely for the purpose of saying that, according to the petition, it very clearly appears that the board exceeded their jurisdiction and violated the law in fixing the valuation of the real estate of the company. The board arbitrarily affixed values to the property, in utter disregard of the sworn state-

Milwaukee Iron Co. and others vs. Schubel, Town Clerk, etc.

ments of witnesses examined before them. This action of the board was wholly unauthorized, and plainly in excess of its jurisdiction. *Phillips v. The City of Stevens Point*, 25 Wis., 594. There was no conflict in the testimony whatever. The board was bound to take these uncontradicted statements of the witnesses under oath as to the value of the property, and should have corrected the assessment roll according to them. For, where the evidence is undisputed, and no proof whatever to sustain the decision of the board, they cannot arbitrarily and capriciously place a value upon the real estate different from that placed upon it by the witnesses. In a certain sense they act judicially in weighing the evidence produced before them (*Steele v. Dunham*, 26 Wis., 393), and are to ascertain facts, correct errors, and arrive at results conformably to the proceedings of a court of justice. They have no more legal power to decide against all the testimony in respect to the value of property, than a court has to decide a cause against all the evidence produced before it. Where there is a conflict of evidence, and the real facts are in dispute, the decision of the board fixing the valuation might well be held final. But, on the case presented by this motion, the board manifestly acted in violation of law, and plainly exceeded their jurisdiction. It "*appeared*" from all the evidence, that the real estate of the company had been valued too high by the assessor, and the law required them to act upon that evidence and fix a valuation in accordance with it.

It results from these views that the motion to quash the writ of *certiorari* must be denied.

*By the Court*—Motion denied.