State ex rel. Flint vs. The Common Council of Fond du Lac.

## STATE ex rel. FLINT vs. THE COMMON COUNCIL OF FOND DU LAC.

CERTIORARI. (1) *How writ to be served.* (2) *Effect of voluntary return.* (3–5) *Remedy of party defectively served.* (6) *Order refusing to quash the writ, not appealable.*

1. A writ of *certiorari* must be served by delivering the original, and not a copy, to the proper officer of the court or tribunal to which it is directed.
2. Where the writ has not been properly served, a voluntary return thereto by the party addressed may constitute a waiver of the objection.
3. If the party, without making a return, would take advantage of a defect in the service of the writ, *it seems* that his proper remedy is by a motion to *supersede* the writ on that ground.
4. While the writ is not before the court, a motion to *quash* it seems to be irregular.
5. Where the sheriff has brought back the writ with his certificate of supposed service (by copy) indorsed thereon, *quære:*
   (1.) Whether the writ can be regarded as before the court, so that a motion to quash for defective service is proper.
   (2.) Whether in such case the court will not direct proper service to be made.
6. In this case an order refusing to quash a writ of *certiorari*, which order was made on the ground that no return had been made to the writ, is *held not appealable.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Upon the affidavit and petition of the relator, the judge of the Fond du Lac circuit court, at chambers, granted a writ of *certiorari* addressed to the common council of the city of Fond du Lac, commanding them to certify to said court, at its then next general term (commencing in September, 1873), all the acts and proceedings of said council touching the laying out of a new street between Forest and Second Streets in said city, and all resolutions, orders, and other acts of said council, and of all other officers or agents of said city, relating in any way whatever to said improvement, and the proceedings and report of the commissioners appointed by the order of said council to

appraise and assess benefits and damages for the laying out of said street. The sheriff returned the writ, attached to the order of the court granting the same, and the affidavit upon which such order was made, with an indorsement upon the writ to the effect that he " duly served the within affidavit, order and *certiorari* on the mayor and clerk [naming them], members of the common council and officers of the city of Fond du Lac personally, by delivering to and leaving with the mayor a true copy thereof " on the day named, and with the clerk on the following day. The papers so returned were filed in the office of the clerk of said court on the 23d of August, 1873. Afterwards the common council moved to quash the writ upon the grounds that it was not directed to the person or persons having the legal custody of the record of the proceedings sought to be reviewed; that the city clerk had legal custody of such record and papers, and was the only person who could make return to the writ; that it did not appear from the relator's petition that the common council of said city had exceeded its powers or jurisdiction; that the petition and writ failed to show on their face any case in which such writ ought to issue; and that the writ was in other respects defective and insufficient. The motion to quash was denied on the ground that it was premature, no return having been made to the writ. From this order the common council appealed.

*J. W. Bass*, for appellant :

There are some old cases in New York which hold that a writ of *certiorari* must be *returned* before a motion is made to quash it. In those cases the original writ was served, and until it was returned the court could have nothing to pass upon. Here the original writ was never served, but the original petition, order and writ were on file in the court, so that there was nothing to prevent the court from passing upon them. How could the persons to whom the writ was addressed make a return of it to the court, when the court held it in its own hands?

*Chas. E. Shepard*, for the relator, contended, 1. That the order was not appealable. It did not deny a substantial right, nor involve the merits. Tay. Stats., 1635, § 11; *Rahn v. Gunnison*, 12 Wis., 528; *Johnston v. Reiley*, 24 id., 494. The order was discretionary, the court having a right to require the matter of the motion to be presented in a more formal manner. 2. That before the return of the writ, the motion should be to *supersede*, and not to quash it. 1 Tidd's Pr., *403; 2 Burrill's Pr., 250; Graham's Pr., 557; *Ferguson v. Jones*, 12 Wend., 241; *Ball v. Warren*, 16 How. Pr., 379; 1 Hill, 197. As the writ was directed to the council and not to the sheriff, the return of service made by the latter was not a "return of the writ." Process cannot be returned so as to take effect previous to the return day. *Sawyer v. Wood*, 18 Wend., 631–2. Counsel then argued at length the objections to the writ specified in the motion to quash.

DIXON, C. J. The writ of *certiorari* had not been served in the manner required by law, and therefore the motion to quash appears to have been irregular. Service of the writ is made by delivering the writ itself, not a copy, to the judge or other officer of the inferior court or tribunal to whom the writ is directed. Such is the practice at common law, and such the practice which has always prevailed in this state. 2 Arch. Pr., 720; 1 Tidd's Pr., 404. The service here was by copy delivered to and left with the mayor, which was insufficient, and upon which the defendants cannot be compelled to make return.

If the defendants make voluntary return, that may suffice and constitute a waiver of the objection. 1 Tidd, 403. If, however, they object to make a return, and wish to take advantage of the informality or insufficiency of the service, and to have the judgment of the court upon it, their remedy would seem to be by motion to *supersede* the writ because of the defective service. Ib.

"If the writ be misdirected, or otherwise bad in point of law, the court will order it to be *quashed*, if before them; or, if not returned, will grant a *supersedeas*. But the court·cannot quash a writ that is not before them." 1 Tidd, 403. If the writ could be regarded as before the court so that the motion to quash was proper, the sheriff having brought back the writ with his certificate of supposed service indorsed, still the motion was·not made on such ground or because the writ had not been served as required by law. It is probable, if such objection had been taken, that the court would have directed the proper service.

But whatever may have been the defects in the writ or the service, they are in strictness not questions before us for consideration at this time. The foregoing remarks have been made rather for the purpose of pointing the way to correct practice in the future in the action, than because they were deemed necessary to a decision of this appeal. The court is of opinion that the order in question is not appealable, and that the appeal must be dismissed. An examination of the statute (2 Tay. Stats., 1635, §₄11) will show that it is not one of those orders from which an appeal is given to this court.

It may be proper also to remark that the case of *Seifert v. Brooks*, decided at the present term (34 Wis., 443), will be found to have settled some important points touching the merits of the controversy, out of which this proceeding by common law *certiorari* seems to have arisen.

*By the Court.* — Appeal dismissed.