By the Court.—Sedgwick, J.
If the plaintiff liad notice of the intent of Meyers or Lolise, in making the transfer to his or her vendor, to defraud the plaintiff in the attachment, the transfer to her was void against him. The rule "in relation to constructive notice applies to such a case, and a vendee is chargeable with a hnowledge of all the facts, that by a proper inquiry, he nrght have ascertained. He proceeds at his peril, if he omits to inquire. If the facts and circumstances, in the exercise of common prudence, ought to aw¿iken his suspicion, and lead him to inquire, a neglect to inquire, is in its consequences the equivalent of positive notice. These propositions are stated to be law in Pringle v. Phillips (5 Sandf. 157). That case related to goods that had been obtained fraudulently from the plaintiffs by the vendor of the defendant. Unnecessarily the court, said the principles in question, were applicable to negotiable paper ; all bough this • application has by many subsequent cases been deemed not to be law, the general application to chattels, and the transfer of other rights than such as relate to negotiable instruments, is n-cognized and acted upon. The case of Danforth v. Dart (4 Duer. 106), reiterates the principle and cites Pringle v. Phillips; Baker v. Bliss (30 N. Y. 76), cites these two cases and says, “ a want of caution and diligence, such as an honest man would ordinarily exercise, is a want of good faith.” The same rule is recognized fully, and succinctly stated in Devoe v. Brandt (53 N. Y. 466). There are very many cases on cognate transactions, which it is not necessary to cite.
There were facts in this case, which would have been properly considered by the jury, had the question been submitted to them, in saying whether the circum stances would have excited a suspicion, in a man of common prudence, that Meyers or Lolise intended to defraud the pi intff in the attachment, and whether, *181 if ordinary investigation had taken place, based upon that suspicion, it would have resulted in showing that the intent was, in some way, to impair the creditor’s rights. Certainly a stock of goods is a better security, when in a debtor’s possession, than is the full value of them in money in the debtor’s pocket. In the present case, the plaintiff’s business was conducted by her husband, and she is chargeable with such knowledge as he had, and such notice as was given to him. I am, therefore, of opinion, that the learned judge should have charged as requested on this subject, by the defendant’s counsel, and that there should be a new trial, the judgment being reversed, with costs to appellant to abide the eyent.
Monell, Ch. J., concurred.