THE STATE ex rel. DALRYMPLE VS. MILWAUKEE COUNTY.

*April 12 — May 31, 1883.*

CERTIORARI.   *(1, 2) Practice.   (4) Writ should not issue after two years.*

HIGHWAYS.   *(3) Vacation of street by county board: notice of application.*

1. After a cause has been heard on the merits, upon a return to a writ of *certiorari,* an order superseding and setting aside the writ is irregular and will be reversed.

2. But where, in such case, the whole record is before this court, the cause will be considered on the merits and the proper judgment directed. *Morse v. Specs,* 25 Wis., 543, overruled.

3. The statute (1 Tay. Stats., 776, § 13) required notice of an application to a circuit court to vacate a plat to be given at least sixty days *prior to the sitting of the court.* County boards were also empowered (1 Tay. Stats., 299, § 36, subd. 8) to vacate plats or streets therein *"upon such notice . . . as is required in vacating plats in the circuit court."* *Held,* that where the notice of an application to a county board to vacate a street was given more than sixty days before the time fixed for making the same and more than sixty days before the board acted thereon, the fact that the petition was presented to the board and referred to a committee thereof before the expiration of the sixty days did not render the subsequent proceedings of the board irregular or void.

4. Whether the writ of *certiorari* issues *ex debito justitiæ* or, in every case, in the discretion of the court, it ought not, as a general rule, to be granted after the expiration of two years after the judgment or proceeding sought to be reviewed has been perfected.

APPEAL from the Circuit Court for *Milwaukee* County. On the 5th of March, 1873, a petition for the vacation of a certain street in the city of·Milwaukee was presented to the board of supervisors of Milwaukee county and was referred to the committee on highways. Notice that such application would be made on the 25th of March, 1873, had been published in a newspaper in said county on January 21, and had been posted in two public places therein on January 24, 1873. No action upon the petition was taken by the board until March 31, 1873, when, upon the report of

the committee to which it had been referred, a resolution' was adopted vacating the street. On the 4th of April, 1881, a writ of *certiorari* was issued out of the circuit court for Milwaukee county to review such proceedings. The case is further stated in the opinion.

For the appellant there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*. They argued, *inter alia,* that the statute required the notice to be published and posted sixty days prior to the application. 1 Tay. Stats., 299, 776. The notice was, in fact, published only forty-three days, and posted only forty days, prior to the application. The notice stated that the application would be made on March 25th, but it was, in fact, made on March 5th. No notice was given for an application on March 5th, and no application was made on March 25th. The error was jurisdictional. The proceedings must strictly comply with the statute *(Reilly v. City of Racine,* 51 Wis., 526), and the giving of due notice is a prerequisite to jurisdiction. *Specht v. City of Detroit,* 20 Mich., 168; *Williams v. Mitchell,* 49 Wis., 284; *State ex rel. v. Nelson,* 57 Wis., 147. No appeal being given, the only remedy is by common law *certiorari,* and the time to apply for such writ is not limited by statute. Being a non-resident, not appearing in the proceedings, and having no notice or knowledge of the same, the relator waived nothing, and no laches can be imputed to him, even if it were possible to impute laches or waive any rights in a case where there is no jurisdiction of the subject matter and no means for review provided by statute. It may be that "if the proceedings had been according to law he would have been bound by constructive notice of them; but there can be no constructive notice when there is no jurisdiction." *Harbaugh v. Martin,* 30 Mich., 234; *Helms v. Chadbourne,* 45 Wis., 60. Therefore, even if it had been in the discretion of the court to quash the writ, such an order in this case would have been an abuse of discretion. But, in a case like

The State ex rel. Dalrymple vs. Milwaukee County.

this, the writ of *certiorari* issues, not in the discretion of the court, but *ex debito justitiæ*, and questions of laches, waiver, constructive notice, and discretion are without the case. The relator being entitled to the writ as a matter of right and there being no limitation on the time for applying therefor, it follows that the circuit court erred in not passing upon the validity of the proceedings of the county board, and that question is now presented for consideration in this court. *Owens v. State*, 27 Wis., 456. Expressions in authorities to the effect that the writ is discretionary will be found to have been used with reference to proceedings unlike those in this case. See *Wilson v. Heller*, 32 Wis., 457. It may be that in a case where the errors are not jurisdictional, or where the party aggrieved has another remedy by appeal or otherwise, or where he moves in the matter as a stranger, or as one of the public, or has, by his conduct, precluded himself from objecting, the court will grant or refuse the writ, in its discretion. But in proceedings affecting the property of an individual, which are taken without jurisdiction and are void, and for the effects of which the injured party has no other mode of redress, the writ will issue as a matter of right. See *Regina v. Justices of Surrey*, L. R., 5 Q. B., 466; Dillon on Mun. Corp., sec. 926 (740); *State v. Bill*, 13 Ired. (N. C.) Law, 373; High on Ex. Leg. Rem., sec. 10; *State v. Burnet*, 2 Ala., 140.

For the respondent the cause was submitted on the brief of *John M. Clarke*, District Attorney. He argued, among other things, that the order or judgment appealed from is substantially, if not technically, a judgment dismissing the entire proceeding upon the writ of *certiorari*, and in substance and effect quashing the writ, not upon a review of the merits, but because allowed and issued after the legal period therefor, and because improvidently issued. The allowance of the writ rests in sound discretion. 5 Wait's Pr., 455, 456; *Duggen v. McGruder*, 12 Am. Dec., 527; *Furbush*

*v. Cunningham,* 56 Me., 184; *McPheters v. Morrill,* 66 id., 123; *Trustees v. School Directors,* 88 Ill., 100; *People v. Commissioners,* 77 N. Y., 605. And the writ may be quashed at any time when it appears to have been improvidently issued, and in cases of unreasonable delay in applying therefor, notwithstanding a return has been made and the merits of the case gone into. *Flournoy v. Payne,* 28 Ark., 87; *People v. Commissioners, supra; People v. Supervisors,* 15 Wend., 198; *People v. Supervisors,* 1 Hill, 195; *People v. Supervisors,* 2 id., 12; *Elmendorf v. Mayor,* 25 Wend., 693; *People v. Walter,* 4 Thomp. & C., 638. To the point that the writ should not issue after the lapse of the time for a writ of error, or after an unreasonable time, counsel cited, besides the cases referred to in the opinion: *State v. Elizabeth,* 41 N. J. L., 152; *State v. Jersey City,* id., 510; *Chamberlain v. Barclay,* 13 id., 244; *Bell v. Overseers,* 14 id., 131; *Dailey v. Bartholomew,* 1 Ashm., 135.

TAYLOR, J. In this case a common law writ of *certiorari* was issued out of the circuit court of Milwaukee county, directed to said respondent county, for the purpose of reviewing the proceedings of the county board of supervisors of said county in discontinuing a certain street in the city of Milwaukee. Application for the writ was made upon the affidavit of the relator, setting out the said proceedings and stating the irregularities in the same which he deemed fatal to their validity. The writ was duly allowed by the circuit judge. In obedience to the command of the writ, the said respondent, through its county clerk, made return to said writ, and on such return set out all the proceedings had and taken by the said county board in vacating said street, so far as there was any record of the same. After such return was made the matter was brought to a hearing before the said circuit court upon all the records, papers, and proceedings had in the case, and thereupon the said circuit court

made the following order and judgment therein: "It is hereby ordered, adjudged, and decreed, and the court does hereby order, adjudge, and decree, that the writ of *certiorari* returned herein be and the same hereby is superseded and set aside, with costs against the relator; all in the said writ to the contrary notwithstanding." From this order and judgment the relator appeals to this court.

The counsel for the appellant claim that it was error for the circuit court to supersede and set aside the writ of *certiorari* after a return had been made by the county according to the command of the writ. This objection to the order of the circuit court seems to be well taken, as this court has decided in the following cases: *McNamara v. Spees*, 25 Wis., 539; *Morse v. Spees*, id., 543; *Owens v. State*, 27 Wis., 456. The case having been heard upon its merits after a return to the writ, it was irregular to supersede or set aside the same. If the respondent desires to supersede the writ, the regular way to effect that purpose is to move the court for such order before the return is made; and if he does not desire to have the court pass upon the merits of the proceeding after the return to the writ is made, he may then move to quash the writ upon any ground which shows that the writ ought not to have been issued, or that it was misdirected, or bad in point of law. A motion to supersede the writ may be based upon the same grounds as a motion to quash it. The distinction made by the courts is that a motion to quash can only be made after the writ is returned to the court in which the motion is made, but the motion to supersede the writ may be made before it is returned to the court. *Ball v. Warren*, 16 How. Pr., 379; *Ferguson v. Jones*, 12 Wend., 241; 1 Tidd's Pr., 335; 2 Burrill's Pr., 250; *Milwaukee Iron Co. v. Schubel*, 29 Wis., 444; *Wardsworth, v. Sibley*, 38 Wis., 484; 2 Atk., 318; *Morse v. Spees*, 25 Wis., 543; *McNamara v. Spees*, id., 539; *State ex rel. v. Fond du Lac*, 35 Wis., 37–46; *Hauser v. State*, 33 Wis., 678–683.

The counsel for the respondent has cited several cases in other courts which would sanction the order made in this case after a hearing upon the merits; but, notwithstanding these decisions, we think it better to adhere to the rule laid down by this court in the cases in 25 and 27 Wis., above cited, that it is irregular to quash or supersede the writ after a hearing upon the merits after the return to the writ. If the respondent is of the opinion that the writ was issued when it ought not to have been, or that it was not properly directed, or was defective in some substantial matter, and he does not desire to have the proceedings reviewed upon their merits, he should regularly move the court to quash the writ, and not proceed to a hearing upon the merits until such motion is disposed of.

For the irregularity above mentioned, the order of the circuit court must be reversed. But as the whole record is before us we consider it our duty to look into the same and determine what judgment the court ought to render on the merits. This is the course generally adopted by this court in like cases. See *McNamara v. Spees*, 25 Wis., 539; *Owens v. State*, 27 Wis., 456. The case of *Morse v. Spees*, 25 Wis., 543, is in conflict with the rule stated, but does not seem to have been followed by this court in any subsequent case; and we adopt the rule in the cases first cited as the one best calculated to further the ends of justice and prevent unnecessary litigation.

The only error in the proceeding to vacate the streets, complained of by the appellant, is that the notice of the application to vacate the streets was not posted for the length of time required by the statute. The notice published and posted stated that the application would be made to the county board of supervisors on the 25th of March, and it is alleged that the application was in fact made on the 5th of March.

The law under which the board of supervisors acted in

vacating the streets mentioned in the relator's affidavit, is subd. 8, sec. 28, ch. 13, R. S. 1858, as amended by ch. 85, Laws of 1866 (1 Tay. Stats., 299). The section confers certain extraordinary powers on the board. Subd. 8 reads as follows: "To alter or vacate any city, town, or village plat, or any part thereof, or any street or alley therein, surveyed and recorded in any such county, upon the petition of the proprietor or proprietors of any such city, town, or village, or any part thereof, or lot therein, and upon such notice by such petitioner or petitioners as is required in vacating town, city, or village plats in the circuit court." The notice to be given when application is made to the circuit court to vacate a town, city, or village plat is prescribed by sec. 13, ch. 47, R. S. 1858, as amended by sec. 2, ch. 158, Laws of 1859 (1 Tay. Stats., 776), and is as follows: "Such proprietor or proprietors shall give notice in writing of such intended application, in at least two of the most public places in the county wherein such town, city, or village may be situated, by posting notice of such application, and insert a copy thereof in a newspaper printed or in circulation in said county at least sixty days prior to the sitting of the court to which he or they intend to make application."

It will be seen that the statute requires the applicant to the board of supervisors to give such notice of his application to vacate a street as is required in vacating town, city, or village plats in the circuit courts, and in such cases the applicant is required to give notice sixty days before the sitting of the court to which he intends to make application. In the case at bar the notice of application was given more than sixty days before the county board acted upon the petition of the proprietors, and more than sixty days before the 25th of March, but less than sixty days before the petition was presented to the board and referred to a committee thereof. No action having been had on the petition by the board until after the sixty days had expired,

which could prejudice any one, we are inclined to hold that the presenting the petition before the sixty days had expired does not render the proceedings of the board irregular or void. The other parties interested in the streets were not prejudiced by the mere presentation of the petition to the board so long as no action was taken thereon which could prejudice their rights. Had they appeared before the board on the 25th of March, or any other day after that date, and before action was taken on the petition, they would have been heard. The object of the notice is to give the parties an opportunity to be heard, and that opportunity was not interfered with by presenting the petition before the day on which the board could lawfully act thereon, and no action having been taken by the board which prejudiced the relator until after the sixty days' notice had expired, he is not injured, and he has in fact had the statutory notice. Although the applicant had presented his petition to the board on the 5th of March, had he appeared before the board on the 25th of March, the day fixed in his notice, and then demanded the action of the board thereon, it seems to us that it would be in strict accordance with his notice; his leaving the petition with the clerk of the board before that day without asking any hearing would not, in such case, be deemed the presentation thereof.

The question as to the time within which a common law writ of *certiorari* ought to be allowed has been quite fully discussed in this case, and we deem it proper to add that, as a general rule, it ought not to be granted after the expiration of two years after the judgment or proceeding has been perfected which is sought to be reviewed, in analogy to the limitation of the time within which an appeal or writ of error may be taken. The application of this rule does not depend upon another question which has been also discussed in this case, viz., whether the party aggrieved by the proceedings is or is not entitled to the writ *ex debito justitiæ*, or

whether, in every case, the writ issues in the discretion of the court awarding it. The party who has rights which a court is bound to protect may in all cases bar himself of that right by his laches; and as those who seek to review the judgments and orders of courts·are, as a matter of public policy, required to take the proper steps for obtaining such review within a limited time, and not afterwards, there is great propriety in holding that the party who seeks to review and vacate proceedings not.strictly of a judicial character, should proceed within a reasonable time to accomplish that purpose or be barred of his remedy. We think the language of Justice BRONSON, in the case of *People v. Mayor*, 2 Hill, 13, expresses the true rule, and is approved by this court. He says: "The time for bringing a writ of error from a final judgment is limited by law to two years; and I think a case can rarely happen where it would be proper to allow a *certiorari* after the lapse of a longer period. This is sufficient ground for quashing the writ."

This rule has been approved by other courts and is undoubtedly a salutary rule. *Dye v. Noel*, 85 Ill., 290; *Trustees v. School Directors*, 88 Ill., 100; *State v. St. Louis*, 4 Mo. App., 577; *Elmendorf v. Mayor*, 25 Wend., 693; *People v. Hill*, 53 N. Y., 547; *People v. Stilwell*, 19 N. Y., 531–533; *People v. Commissioners*, 77 N. Y., 605; *Keys v. Supervisors*, 42 Cal., 253; *Hagar v. Supervisors*, 47 Cal., 222; *Rutland v. Commissioners*, 20 Pick., 83; *In re Lantis*, 9 Mich., 324. This question was discussed by counsel in the case of *Wilson v. Heller*, 32 Wis., 457–465. In the opinion in that case the present chief justice says: "The counsel for plaintiff concedes that in analogy to the statute limiting the time within which a writ of error may be sued out, the court would probably not award the writ after two years except upon very special grounds." And the writ in that case was held to be properly allowed, because brought within the two years. It will be seen that the cases in this court and in the New York

court in which this rule seems to be sanctioned and approved, were cases in which the writ was issued to review special proceedings of bodies not acting as courts, and not to review the judgment of an inferior court, and they give no force to the argument that the two years' limitation should be confined to cases where the writ issues to review the judgments or orders of inferior courts. The affidavit upon which the writ in this case was issued sets out no facts which should take it out of the general rule, and had a motion been made in the circuit court to quash the writ because improvidently issued eight years after the proceedings were had by the board of supervisors, such motion should have been granted. See cases above cited. The writ having been superseded and set aside upon the hearing after the return to the writ, and without any motion made to quash the same, the judgment and order of the court for that reason is irregular and must be reversed; but as the merits of the case were before the court below, and have been fully discussed in this court, we deem it proper to direct what judgment should be entered by the circuit court.

*By the Court.*— The judgment of the circuit court is reversed, with costs, and the cause remanded with directions to the circuit court to affirm the proceedings of the county board of supervisors.