Petition for a Certiorari and Supersedeas. — Notice had been given by the defendant that a certiorari would be moved for.
The application in the case alluded to was to read the *Page 192 
affidavit of the opposite party. The introduction of the affidavits of others was not then before the Court, and consequently is now open for investigation.
The counsel for the plaintiff relied upon the cases in Haywood, 280, 366. An application for a certiorari is in effect an application for a new trial. In such applications cross-affidavits are not received, and the reason is obvious; there, all the circumstances and evidence are within the knowledge of the Court. Not so in an application for a certiorari. The evidence adduced, and the circumstances attending the trial below, the Court cannot be presumed to know. It is therefore proper that they should hear cross-affidavits, otherwise they could not have as full a view of the case as they would in the ordinary case of an application for a new trial, which they ought to have so as to enable them to determine whether a new trial ought to be granted or not. The petition only exhibits one side of the question.
WHITESIDE, e contra. — Let the case be assimilated to an application for a new trial, how does it stand? Suppose a new trial moved for upon an affidavit or affidavits as is frequently the case, did the courts ever permit cross-affidavits to be read? No instance of the kind can be produced. The reason is plain, if courts can hear cross-affidavits they must in justice hear affidavits to rebut them, c., and thus induce a necessity for the Court to judge of the credibility of different persons; a principle which all our laws seem carefully to guard against. Besides, it would produce great confusion and perplexity in the practice.