TotteN J.,
delivered the opinion of the court.
*538 A judgment was rendered before a Justice of tbe Peace, in favor of Fowlkes against Studdurt, for one hundred and seventy-eigbt dollars and sixty-five cents, and execution issued thereon. The defendant brought his petition for certiorari and supersedeas, which was granted by the judge in vacation. At the return of the writs in the circuit court of Hickman, a motion was made to dismiss the said petition and writs. The petition states sufficient ground for the writs. It states that the debtor had caused a solvent and proper person to offer himself before the justice as stayor; that “he was accepted by the justice” in the time allowed the defendant to stay the judgment; that on application of the plaintiff, and without notice to defendant, the justice issued an execution on the judgment, notwithstanding the same had been stayed.
The affidavit of the justice was received to disprove the petition; and it denies, in effect, the truth of said statements. The petition was thereon dismissed, and the defendant has appealed in error to this court. Hie question is, was it proper to admit and consider the affidavit of the justice, or other extrinsic evidence, on a motion to dismiss the said petition? "We are of opinion that it was not.
The motion to dismiss involves the question, whether the matters stated in the petition shall be tried upon their merits, or not. It is in the nature of a demurrer to other pleadings; and, admitting the facts stated in the petition to be true, it denies that they are sufficient in law to entitle the party to the prayer of the petition. If the motion be well taken, the petition is dismissed; if not, it is retained, and the case, or matter contained in it, is tried upon its merits.
*539 Tbe motion to dismiss is merely preliminary, and its object is to cut off and preclude any enquiry into tbe merits of tbe case.j If tbe facts stated in tbe petition prove to be untrue at tbe trial, tbe party will take no benefit by bis false petition, and may be criminally liable for its statements. There, is good reason, therefore, for taking it as true, in tbe preliminary motion to dismiss. But, if counter affidavits were allowed, then rebutting affidavits must also be allowed; and both to an indefinite extent. They are ex pa/rte affidavits, and neither party has tbe right to cross-examine. They may involve every fact stated in tbe petition, and in this manner the court is to try tbe issues of fact made by tbe parties, on a motion to dismiss. If be err against tbe petition, in this imperfect and irregular mode of trial, injustice has been done. If be overrule tbe motion, then tbe same issues of fact, perhaps, are to be again tried in a formal and regular manner. Tbe practice is not well calculated to attain tbe ends of justice; it is highly inconvenient in itself; it admits ex parte evidence, without the benefit of cross-examination, and submits questions' of fact to be fried by the judge, instead of the jury; and in these respects, it violates principle. Nor can we see that these evils are compensated by corresponding advantage. It is a practice of unmixed evil, and we think it has not been adopted very generally in the circuit courts of tbe State. It is material that the practice be uniform, and hence we have thought it proper to say that tbe cases of King vs. Rutherford, 1 Ten. Rep., 191, and Stewart vs. Hall, 2 Ten. Rep., 179, stating a different rule, must be considered as overruled.
In these cases, Overton, judge, dissented; and for reasons which we consider were not answered by the other *540 judges. In Beck vs. Knabb, 1 Ten. R., 55, it was held that the cross-affidavit of the party was inadmissible. If affidavits are admissible at all, why may not the affidavit of one party rebut the affidavit of the other? The better practice is, as it seems to us, that the motion to dismiss be determined upon the facts stated in the petition.
Let the judgment be reversed, and the cause be remanded.