Mr. Chief Justice Alvey
delivered the opinion of the Court:
This appeal is from an order of the court below, quashing a writ of certiorari, and dismissing the petition upon which the writ had been issued.
The statement of facts contained in the brief for appellee is sufficiently full and clear to present the case fairly, and we shall adopt that statement, rather than a summary of our own. That statement is as follows:
“On January 20, 1900, the appellant filed a petition in the Supreme Court of the District of Columbia for a writ of certiorari to require the District of Columbia to certify to the court copies of the assessment rolls or returns of the board of assessors, showing the assessments made against the real estate belonging to the petitioner, described in his *259 petition. The petition alleges that the petitioner is the owner in fee of an unsubdivided tract of land situated in the District of Columbia, against which certain general taxes for the years 1890 to 1899, inclusive, had been assessed and remain unpaid. The petition further alleges that the assessments are void, for the reasons,' first, because they were not made in accordance with law; secondly, because the description of the property as contained on the assessment rolls is imperfect and insufficient; and, thirdly, because the returns of the board of assessors, which formed the basis of the taxation of this property, in the column of the returns headed ‘Assessed value per acre,’contain merely figures without anything to indicate whether they represent dollars or cents.
“Upon the filing of the petition and its presentation to the justice in the court below, he granted a writ of certiorari. Thereupon, and before filing a return to the writ, the District of Columbia moved to quash the writ and to set aside the order granting the same, first, because the writ was issued upon an ex parte application; second, because the allowance of the writ in this case was inequitable and unjust; third, because the grounds for quashing the assessment of taxes mentioned in the petition are mere irregularities, and the right of the District of Columbia to levy and assess the taxes therein set forth is not questioned; and, fourth, because the allowance of the writ and the requirement to make a return thereto would cause serious detriment to the public interests and embarrassment to the District of Columbia in the collection of its taxes.
“In- support of this motion there was filed an affidavit made by the Commissioners of the District of Columbia, which set forth facts tending to show that while the assessment roll itself does not contain a description of the petitioner’s property by metes and bounds, it nevertheless contains references to other records in its custody from which the petitioner and any one inquiring, would be able to ascertain a perfect description of the land assessed. The affidavit *260 further sets forth that the petitioner acquired the land by deed dated January 18, 1900, from Edwin Forrest, one of the petitioner’s attorneys, and that they verily believe that the petitioner at the time of the transfer of the land to him, was fully, informed of the amount of general taxes assessed against said property and remaining unpaid, as appeared from the certificate of taxes, produced by the petitioner and filed with the petition, which was dated and had been issued prior to the transfer of the property to the petitioner.
“The affidavit further sets forth that the taxes sought to be canceled are general taxes; that they were in fact assessed against the property described in the petition; that the collection of general taxes is absolutely essential to the ability of the District of Columbia to discharge its manifold municipal functions with punctuality, and that it is of the utmost importance both to the municipal government and to the Federal Government under the system prevailing in this jurisdiction, that the mode adopted for the speedy collection of general taxes should be delayed or impeded as little as possible by the interference of the courts; that the delay in the proceedings of the officers, upon whom is devolved the duty of collecting taxes, incident to the answering of such writs and the loss of general taxes, justly due, may in their opinion, cause serious detriment to the public.”
Upon consideration of the motion to quash made by the defendant, the learned chief justice below quashed the writ, vacated the order allowing it, and dismissed the petition. In the order so passed, it is recited that the court was “of the opinion that in the exercise of its discretion, the writ should not have been granted.” It was from this order that the appeal was taken. -
In our opinion the court was entirely right in passing the order it did. The petitioner does not show such case as to call for the exercise of discretion on the part of the court in favor of the application that was made to it.
It is not claimed or pretended that the property of the *261 petitioner is not lawfully and rightfully subject to taxation, and to the rate of taxes assessed to it; nor is it contended that the Commissioners of the District were without authority to cause the property to be assessed. The ground of the application for the writ is, that the property has been placed upon the assessment rolls in an informal and defective manner. That the description of the property is defective ; and that the extension or placing in the columnof the assessed value of the property per acre, in the assessment rolls, is rendered uncertain by the omission of the dollar mark; the return or rolls containing, as alleged, “merely figures or numerals, with nothing thereon to indicate what the figures or numerals are intended to represent, and no dollar, cent, or other mark to show whether these figures represent dollars, cents, or mills.” It is not alleged or pretended, however, that the petitioner was surprised, or in any manner deceived or misled to his prejudice by the form of the entry of the assessment in the assessment roll. And while the descriptive entries in the assessment rolls may not have been, in all respects, as regular and perfect as they ought to have been, yet, if they could have been, and can be, rendered reasonably certain, as appears to be the fact, by the reference given to the map spoken of by the Commissioners in their affidavit filed in support of the motion to quash the writ, the assessments ought not to be declared void. There is certainly no equity or justice in relieving the property of the common burden of taxation, borne by all other property similarly situated.
The question of the granting or refusing the writ of certiorari, in cases of the nature of the one before us, is always one addressed to the sound discretion of the court. It is not by any means true that the writ will be allowed to bring under examination and review assessments for taxes, for any and all mere irregularities, informalities, or defects that may be alleged. Owing to the nature of the subject-matter involved, and the public .inconvenience resulting from the *262 interference with assessments, and especially with assessments for general taxes, the courts are, generally, very cautious and circumspect in the exercise of their discretion upon these applications. They must see that there is not only an unlawful assessment made, but that the party applying is or will be subject to wrong and injury in his right of property, by reason of the illegal assessment. As was said by a very able and learned judge, in speaking of the office of the common law writ of certiorari: “The courts do not mean, when they say a certiorari will lie to remove assessments, that it may go in every case, and be addressed to anybody, or that they will review anything and everything which may be improvidently called for in the process, as drawn by the attorney, or which may find its way into the return. They may exercise a discretion whether it shall go at all, even where a question of jurisdiction can obviously be laid hold of through a return.” Ex parte Albany, 23 Wend. 277.
Of course we do not intend to be understood as holding that the writ is not a proper remedy in proper cases for relief against illegal assessments, but to entitle the party applying to the favorable exercise of the court’s discretion, it must be shown as a ground for the writ, that wrong and injustice will be suffered if the writ be not granted. And the application, moreover, must be made without any unreasonable delay.
It is contended, however, on the part of the appellant, that inasmuch as the writ was allowed and actually issued, a motion to quash the writ and to dismiss the petition before return made to the writ by the defendants, was without warrant or justification, and that the court was not justified in entertaining the motion so made, and that it was error in the court to sustain the motion, and thereby to quash the writ and dismiss the petition, without requiring a return to be made in accordance with the command of the writ. It is also contended that it was irregular to allow *263 the affidavit of the defendants to be filed in support of the motion to quash.
In these contentions we do not agree. It would seem to be well settled, that the court may upon motion, or even suo motu, whenever it becomes advised that the writ has been improperly issued, quash the writ and dismiss the petition. This may be done in the exercise of a sound discretion. Flournoy v. Payne, 28 Ark. 87 ; Ex parte Pearce, 44 Ark. 509; State v. Browning, 27 N. J. Law, 527; State v. Newark, 30 N. J. Law, 303. As was said by the court in the case of State v. Jersey Water Com., 30 N. J. Law, 247: “The allowance of the common law writ being discretionary, the court, if at any time in the progress of the case, it discovers facts which, on the application for the writ, would have defeated it, will dismiss it on its own motion.”
The principle applicable to this case is very clearly stated by Lewis on Eminent Domain, in these terms : “ Cause may be shown by the adverse party in interest against granting the writ, by answer or counter affidavit showing a waiver by the applicant of the irregularities complained of, or the existence of circumstances which render it inequitable to grant the writ. The writ of certiorari is not a writ of right, but is granted or withheld in the discretion of the court. It will not, therefore, be granted for errors from which no injury has resulted nor where justice has been done.” Lewis Em. Dom., Secs. 544, 545, and cases cited.
In this case the application and order for the writ were ex parte, and therefore it was eminently proper that full disclosure of all the facts should be made, by affidavit or otherwise, in support of the motion to quash the writ and dismiss the petition. There is nothing in the objection that the motion to quash the writ ought not to have been made before the return of the writ; nor in the objection to the admissibility of the affidavit to support the motion. The court was entirely right in respect to those questions. Paul v. Warren, 16 How. Pr. Rep. 379; Dorsey v. Davis, 2 N. C. *264 280; Ledbetter v. Lofton, 5 N. C. 184; King v. Rentfroe, 1 Tenn. 191.
As there is nothing to show that there was any abuse of the discretionary power of the court in acting upon the motion to quash, and in quashing the writ and dismissing the petition, this appeal will be dismissed; and it is so ordered. _ Appeal dismissed.