\* But by the provisions of chap. 264, Laws of 1860, where the trial is by the court without a jury, the supreme court is required to review the findings of fact, proper exceptions thereto having been taken. *Snyder v. Wright,* 14 Wis. 689.

---

## SLOCUM v. CARLTON et al.

1. FRIVOLOUS APPEAL—PRACTICE.—Where the defendant in a foreclosure case, interposed a frivolous demurrer, and upon the overruling of which and the rendition of a decree against him, appealed to the supreme court, obviously without merits, and for the purpose of vexing and delaying the complainant; upon affirmance of the decree the court will decree not only all costs against him, but the statute penalty of the payment of twenty-five per cent. interest on the sum decreed until paid.

(1 *Chand.* 165.)

APPEAL from the late District Court for *Racine* County. The bill was filed for the foreclosure of a mortgage, to which the defendant (the appellant here) interposed a demurrer which was adjudged frivolous, and upon that brought his appeal to this court. This court regarding the procedure of the appellant as vexatious and for delay, and without any special equity affirmed the decree made by the court below, and awarded damages.

*E. W. Evans*, for appellant.
*A. G. Chatfield*, for appellees.

Stow, C. J.    The bill in this case was for the foreclosure of a mortgage ; the defendant interposed a frivolous demurrer, which having been overruled, and he neglecting to answer, a decree *pro confesso* was taken.    From this decree the defendant has appealed to this court.

I do not understand that it is pretended that the decree ought to be reversed, and the only question with us is, with what penalty it shall be affirmed.    The appeal has evidently been brought, either for the purpose of annoying the complainant, or for delay, and in either case the defendant should be subjected to the highest penalty which we are authorized to impose.    It may be a public benefit for parties to understand, that if they will harass their opponents with vexatious litigation, or if, on speculation, they think it an object to avail themselves of what is called the law's delay, they must do so at their peril and expect no lenity from this court.    In this case the statute authorizes us to award twenty-five per cent. damages and costs, and with which the decree is to be affirmed.

Decree affirmed, with twenty-five per cent. damages and costs.