Sweet and others vs. Davis.

SWEET and others, Respondents, vs. DAVIS, Appellant.

*May 15 — June 20, 1895.*

(1) *Pleading: Insufficient answer.* (2) *Evidence: Transaction with person since deceased.* (3) *Frivolous appeal: Damages for delay.*

1. In an action against a surviving partner for the purchase price of goods sold and delivered to the firm, an answer admitting that the firm purchased certain goods from plaintiffs, but alleging that the transaction was conducted by the deceased partner and that defendant was ignorant of the nature, character, and extent thereof, was insufficient to require plaintiffs to make proof of the sale.

2. The evidence of the salesman who sold the goods to the deceased partner was competent as to their value, since he did not derive his knowledge thereof from the deceased.

3. The appeal in this case being frivolous and taken merely for delay, the respondents are allowed under sec. 2951, R. S., seven per cent. damages, in addition to interest, upon the amount of their recovery.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This action was brought against the defendant, *Davis*, as survivor of the firm of P. H. Leonard & Co., to recover the

amount of a bill of goods sold by the plaintiffs to said firm. The complaint charged that the goods, a bill of which was annexed thereto, were sold at the agreed price and to the amount or value of $471.13, and that they were reasonably worth that sum. The defendant, by his answer, admitted the death of Leonard, that he was the sole surviving partner, and that said firm purchased certain goods, etc., from the plaintiffs, and he alleged that the transactions were under the sole supervision and charge of, and conducted by, his said partner, Leonard, and that defendant "was, and at all times has been, by reason thereof, totally ignorant of the nature, character, and extent thereof, and has no knowledge or information sufficient to form a belief as to whether or not the goods, wares, etc., sold by the plaintiffs to the defendant were of the value alleged, or as to what was their true value, or as to whether any price therefor was ever agreed on."

At the trial the deposition of one of plaintiffs' salesmen was read in evidence, in which he testified to a sale of the goods in question by him on behalf of the plaintiffs to the firm of P. H. Leonard & Co., through Leonard, since deceased, but his evidence as to what took place between the witness and Leonard was objected to, the latter having since deceased. He testified that the goods, at the time they were sold, were reasonably worth the prices and amounts charged for them. The court directed a verdict for the plaintiffs, and from a judgment on it the defendant appealed.

For the appellant the cause was submitted on the brief of *V. W. James,* attorney, and *H. B. Walmsley,* of counsel.

*Edward H. Hibbard,* for the respondents.

PINNEY, J. This appeal is entirely destitute of merit. The answer, in effect, admits the sale and delivery of the goods to the firm of P. H. Leonard & Co. The mere allegation of defendant's ignorance of the nature, character,

and extent of the transactions of his firm through his deceased partner with the plaintiffs, is not enough to require the plaintiffs to make proof on the subject. He does not deny having information on the subject sufficient to form a belief. R. S. sec. 2655; *Robbins v. Lincoln,* 12 Wis. 2; *State ex rel. Soutter v. Common Council of Madison,* 15 Wis. 30; *Mills v. Jefferson,* 20 Wis. 50. The defendant's relation to the transactions in question, as a copartner in the firm, and his duty as surviving partner to settle up and adjust its affairs, was such as to require him to inform himself by consulting the books and papers of the firm, presumptively in his custody or control. The answer, as to whether the particular goods were sold by the plaintiffs to the firm, is a mere evasion and was not sufficient to require the plaintiffs to make proof on the subject. *Mills v. Jefferson,* 20 Wis. 50; *Hathaway v. Baldwin,* 17 Wis. 616. If the defendant was ignorant on the subject, he was bound to resort to the means of information presumptively within his reach, and to answer accordingly.

There was sufficient competent proof of the value of the goods, there being no evidence to the contrary, to warrant the direction of a verdict for the plaintiffs. The salesman who testified to the value of the goods did not derive a knowledge thereof from the deceased partner, Leonard.

It is clear that the appeal is frivolous and was taken merely for delay. In affirming the judgment we allow the plaintiffs seven per cent. damages for their delay, in addition to interest upon the amount of their recovery. R. S. sec. 2951.

*By the Court.*— The judgment of the circuit court is affirmed, with costs, and seven per cent. damages to the plaintiffs, in addition to interest, for their delay.