PERKINS, Respondent, vs. JACOBS, Appellant.

*April 12 — May 3, 1898.*

*Appeal: Affirmance on failure to prosecute: Damages for delay.*

1. If, when a cause is reached for argument in the supreme court, it is submitted or represented by the respondent by counsel, and is not so submitted or represented by the appellant, the judgment will, under Rule XVII, be affirmed.

2. Where it appears on appeal that from the commencement of the action until that time the defendant has pursued a policy of delay for the mere purpose of delay, and has neither settled any bill of exceptions nor made any record to present to the court for review, he may properly, under sec. 2951, R. S. 1878, be punished by the addition of damages to the judgment, on affirmance, besides costs and interest. Ten per cent. damages added in this case.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Perkins vs. Jacobs.

This is an action to recover damages for an alleged malicious prosecution. The cause was noticed for trial at the October, 1895, term of the circuit court for Sauk county, at which, on motion of defendant, it was continued to the March term, 1896. At such March term an order was made on motion of defendant's attorney, based on an affidavit in due form of law, changing the place of trial to Monroe county on the ground of the prejudice of the trial judge. Defendant failed to comply with the statute as to payment of clerk's fees so as to make the order effective, whereupon the judge of the circuit court for Monroe county remanded the case to the circuit court for Sauk county. At the first term of the court for the latter county, after the case was remanded, a second order was duly made, changing the place of trial to Monroe county. At the first term of the circuit court for such county thereafter, the case was duly noticed for trial, but it was continued on application of the defendant's attorneys to the October term, 1896, when it was finally tried, resulting in a verdict in plaintiff's favor for $350, damages. The judgment was entered on the 24th day of October, 1896, for $771.32, damages and costs; and notice of the entry thereof was duly given. On the 13th day of January, 1897, defendant's attorneys perfected an appeal to this court, but no bill of exceptions was settled. Defendant failed to pay the costs of the clerk of the circuit court so as to secure a prompt transmission of the papers to this court, whereupon a motion was made by the plaintiff to dismiss the appeal, which was denied on condition of the payment by defendant of $10 costs, the record having been filed, though out of time. When the case was reached for argument in its order in this court, there was no printed case or briefs on file on the part of defendant, and none had been served on the opposite party, or any preparation made, so far as appears, for prosecuting the appeal in good faith to a termination.

[No appearance for the appellant.]

*Herman Grotophorst*, for the respondent.

Perkins vs. Jacobs.

MARSHALL, J.   When the cause was reached for argument respondent's counsel moved for an affirmance of the judgment under the rules, and for damages for delay caused by the appeal.  Rule XVII provides that when a cause is reached for argument and is submitted or represented by the respondent by counsel, and not so submitted or represented by appellant, the judgment shall be affirmed without argument. That requires the judgment here to be affirmed.

Sec. 2951, R. S. 1878, provides that the supreme court may, in its discretion, adjudge to the respondent in any appeal in any civil action, on affirmance, damages for his delay in addition to interest, not exceeding ten per cent. on the amount of the judgment affirmed, and may also, in its discretion, award to him double costs.  It was intended thereby to deter parties from taking appeals merely for delay, and it has been often, but by no means too frequently, applied in cases of frivolous appeals taken in bad faith.  *Slocum v. Carlton*, 2 Pin. 203; *Ramsay v. Davis*, 20 Wis. 31; *Sweet v. Davis*, 90 Wis. 409.   This case seems to call for statutory punishment under that rule.   From the commencement of the action in the lower court up to the time it was called for argument in this court, the defendant appears to have pursued a policy of delay for the mere purpose of delay. The fact that no bill of exceptions was settled, and no record made to present any question for review in this court, leaves no room for any theory other than that the appeal was solely to further delay the enforcement of a just judgment.  Therefore —

*By the Court.*— The judgment of the circuit court is affirmed with costs, and with ten per cent. damages to the plaintiff in addition to interest, as a penalty for the needless delay caused by the appeal.