STATE EX REL. O'NEILL, Respondent, vs. TRASK, Appellant.

*March 14—March 31, 1908.*

*Elections: Nonregistered voter: Sufficiency of affidavit: Defective forms of affidavits: Construction of statute: Imperative provisions: Pleading: Denial of knowledge.*

1. In a municipal election the affidavit of a nonregistered but other-wise qualified voter, presented to·establish his right to vote, stated merely that he was a resident of the ward, a citizen of the United States or had declared his intention to become such, that he was of lawful age, and had resided in the state one year and in the election district for ten days. *Held,* that the affidavit was essentially defective in that it failed to state, as required by sec. 61, Stats. (1898), that since the completion of the registry of voters the affiant had become a qualified voter of such district; that he was a voter at the last previous general election in the district where he offers to vote, and has not since become disqualified by removing therefrom, or otherwise; or if removed therefrom, that he was then a legal voter of this district, or has otherwise become a qualified voter thereof.

2. In a proceeding to contest the defendant's election to the office of alderman the answer of defendant to plaintiff's allegation that a certain person had voted for defendant stated that he had no knowledge as to how such elector voted. *Held,* that this was not equivalent to an allegation that defendant had not sufficient knowledge or information to form a belief and therefore does not put plaintiff to proof thereof.

3. The fact that some of the forms of affidavits provided for non-registered voters, desiring to present proof of their right to vote, were essentially defective, does not entitle such voters to rely on them as sufficient proof of their right, as sec. 23, Stats. (1898), forbids the receipt of the votes of nonregistered electors unless they show their qualifications in the manner prescribed by sec. 61, Stats. (1898).

4. Sec. 61, Stats. (1898), prescribing the manner of proof by a nonregistered elector of his right to vote, is imperative; and the vote of such an elector who failed to comply with the stat-ute should not be counted, although it was received by the in-spectors.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The relator and the defendant were candidates for the office of alderman from the Ninth ward in the city of Madison at an election held on the 2d day of April, 1907. The canvassing board determined that the defendant had received 158 votes and the relator 157 votes and issued a certificate of election to the defendant. The complaint alleges that twelve of the votes cast for the defendant were illegal. The evidence showed that Isaac Stein, who voted for the defendant, was not a legal voter, not having resided in the state for one year prior to the election. M. M. Derby, who voted for the relator, was not registered as an elector and presented no affidavit or other sworn statement establishing his right to vote. Other votes alleged to have been illegal were cast by qualified electors who were not registered, but who presented affidavits in form as follows:

"State of Wisconsin, }
    "Dane County.    }
    "————, being first duly sworn on oath, says that he is a resident of ———— precinct, Ninth ward, city of Madison, county of Dane, and state of Wisconsin, residing at No. ————; that he is a citizen of the United States (or has declared his intention to become a citizen of the United States conformable to the laws of the United States on the subject of naturalization); that he is twenty-one years of age; that he has resided in the state one year, and in said precinct ten days.                ————  ————.
    "Subscribed and sworn to before me this 2d day of April, A. D. 1907."

The affidavit of Patrick Townsley was in this form. It is conceded that he could have qualified as a voter of the ward, but his affidavit did not show that he was entitled to vote at the last previous general election in an election district of this state, or that he had removed from such district and was at the time a qualified elector in the district in which he offered to vote. The affidavit of M. Kailin likewise failed to state, as required by the statute, that he was entitled to vote

at the last general election in an election district in this state; that he had not become disqualified by reason of removal from the district or otherwise; or that he had removed from such district and was then a qualified elector in the district wherein he offered to vote. The jurat of the affidavit presented by M. Kailin was not signed by any one authorized to administer an oath, and the freeholders' affidavit accompanying it is signed by but one freeholder. The affidavits of the freeholders in each of the cases of alleged illegality corroborate only the statements made in the affidavits of the electors, and do not state the facts required by the statute to entitle a nonregistered elector to vote.

The court found that Isaac Stein and M. M. Derby were not qualified electors, and that the votes of Patrick Townsley and M. Kailin were illegal because the affidavits presented by them were not properly signed and executed. The court did not pass upon the sufficiency of the affidavits of the other electors whose votes are alleged to be illegal because of a failure to state the facts required by the statute.

This is an appeal from the judgment of the trial court declaring relator entitled to the office.

For the appellant there was a brief by *Buell & Lucas,* and oral argument by *C. E. Buell.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

SIEBECKER, J. The court rejected the votes of Mr. Townsley and Mr. Kailin, which the inspectors of election had received and counted in favor of the defendant. There is no dispute that they were qualified electors of such ward on election day and that they were not enrolled on the registry of electors for this election district. On election day they offered their ballots and respectively delivered their affidavits to the election officers, stating that they were residents of the ward, citizens of the United States (or that they had de-

clared their intention to become such citizens), that they were of lawful age, and had resided in the state one year and in the election district for ten days. Each one also offered an alleged corroborating freeholder's affidavit. There is some dispute as to whether these affidavits were in fact properly executed and sworn to before the officers, but we need not consider this question, since we are persuaded that the affidavits of the electors and the freeholders do not comply in substance with the requirements of the statute. As set forth in the statement of facts, these affidavits fail to state that since the completion of the registry of voters the person offering to vote has become a qualified voter of such district; that he was a voter at the last previous general election in the district where he offers to vote, and has not since become disqualified by removal therefrom or otherwise; or, if removed therefrom, that he was then a legal voter of this district, or has otherwise become a qualified voter thereof under the provisions of sec. 61, Stats. (1898). An inspection of the affidavits discloses that they are defective in these essential particulars and fail to show that these persons were qualified to vote in this election district when they presented their ballots to the inspectors. The affidavits presented contain no more than a statement of the constitutional qualifications of an elector, and wholly omit to show the necessary facts to prove their right to vote as nonregistered voters in the district where they offer their ballots. These defects of substance in the affidavits respecting the proof of qualifications as voters on the occasion in question render the affidavits wholly insufficient in law, and sustain the court's conclusion that the affidavits were insufficient to sustain the claim that the electors had made proof of their right to vote as nonregistered electors of the district. *State v. Lloyd,* 77 Wis. 630, 46 N. W. 898.

The contention that the court erred in treating the allega-

tion in the relation that Kailin voted for the defendant as not denied by the answer cannot be sustained. The answer to this allegation, which states that defendant has no knowledge as to how such elector voted, is not the equivalent of an allegation that he has not sufficient knowledge or information as to facts alleged to form a belief, and it therefore does not put plaintiff to the proof thereof. *State ex rel. Soutter v. Madison,* 15 Wis. 30; *Sweet v. Davis,* 90 Wis. 409, 63 N. W. 1047.

The claim made by defendant that the affidavits presented to the inspectors by the electors were the only form of affidavit furnished and available to them on this occasion, and that they therefore had a right to rely on them as sufficient proof of their right to vote, cannot avail him under the requirements of the statute. Moreover, there is evidence tending to show that other forms of affidavits were at hand. But this is immaterial, since it devolves on the elector to present proper affidavits showing the facts which entitle him to vote. *State ex rel. Cothren v. Lean,* 9 Wis. 279, 284; *State ex rel. Doerflinger v. Hilmantel,* 21 Wis. 566; *State ex rel. Wood v. Baker,* 38 Wis. 71. Sec. 23, Stats. (1898), provides for registration of voters, and enacts that "no vote shall be received at any general election in any ward or election district within this section if the name of the person offering to vote be not on said registry as completed," except as therein otherwise provided. Sec. 24 makes these provisions applicable to annual municipal elections in the specified cities, villages, and towns, unless otherwise declared by ordinance or resolution as therein provided. Any elector whose name is not on the registry may show by affidavit in the manner prescribed by sec. 61, Stats. (1898), that he is a qualified voter of the district at the time he offers his ballot. There is nothing in this regulation which deprives the elector of the right to vote at the time of the election. It is recognized as proper regula-

tion by the decisions of this court, and is so declared in *State ex rel. Wood v. Baker, supra:*

"The voter may assert his right, if he will, by proof that he has it; may vote, if he will, by reasonable compliance with the law. His right is unimpaired; and if he be disfranchised it is not by force of the statute, but by his own voluntary refusal of proof that he is enfranchised by the constitution."

These statutory requirements have been considered by this court, and it has been held that they are not unreasonable and are consistent with the present right to vote as secured by the constitution.

The argument is made that the statute is merely directory in requiring an elector to make proof in the manner therein prescribed that he is a qualified voter, and that, since Mr. Townsley and Mr. Kailin were in fact electors and residents of this district, their votes should not be rejected after having been received by the inspectors, although they failed to make proper proof of their qualifications. The language of the statute is in clear and positive terms to the effect that no vote shall be received if the name of the person offering to vote is not on the registry, unless he furnishes the proof required by the statute showing his right to vote. The terms of the statute clearly manifest a legislative intent that votes of persons offering their ballots shall not be received unless they establish their right to vote by being on the registry, or, if not registered, then by making proof before the inspectors of election as required by the statute. The object of the statute is to prevent fraudulent voting by persons who assume the right when in fact they are not entitled to it. We discover no good reason for departing from the decision of this court of an early day wherein it was held that under the statute enacted for the protection of the elective franchise, declaring in imperative terms that the ballots of unregistered electors should not be received unless they made proof of their

right to vote, in conformity with the statute, the inspectors were deprived of all jurisdiction to receive them. *State ex rel. Doerflinger v. Hilmantel,* 21 Wis. 566. This conclusion was expressly adhered to in *State ex rel. Bancroft v. Stumpf,* 23 Wis. 630, and in the *Baker Case.* We are persuaded that the statute before us in no way renders compliance with the law impossible or impracticable, and that it imperatively imposes a duty on the unregistered elector to show his right to vote in the manner prescribed by the statute before his vote can legally be received by the inspectors of election. The trial court properly held that the votes of the persons specified in the findings of fact must be rejected and correctly awarded judgment of ouster against the defendant.

*By the Court.*—Judgment affirmed.