STATE EX REL. SCHUETTE, Respondent, vs. CARY, State Superintendent, Appellant.

*April 26—May 24, 1910.*

*Schools: Appeals to state superintendent: Time for decision: Mandatory statute: When hearing is "closed:" Rules of procedure: Certiorari: Questions raised.*

1. Sec. 497, Stats. (1898)—providing that on appeals to the state superintendent he shall make and file his decision within thirty days after the hearing thereof is closed; that the decision appealed from shall be operative until reversed; and that no decision made by the state superintendent after the lapse of such thirty days shall be effectual,—is mandatory, and a decision made after the time therein limited is of no effect.
2. Where no rule prescribed by the state superintendent under the authority given by sec. 497, Stats. (1898), declares when the hearing of an appeal shall be deemed closed, it will be deemed to have been closed when the last step was taken by the parties for submitting the controversy to him. Such last step in this case consisted of the filing of an answer to the petition of the appellants.
3. In reviewing upon *certiorari* the proceedings before the state superintendent on an appeal, pursuant to sec. 497, Stats. (1898), from the decision of a town board, the question of the town board's jurisdiction cannot be inquired into, because the superintendent has no power or authority under said section to determine that question.

4. The rules of procedure prescribed by the state superintendent for the hearing of appeals under sec. 497, Stats. (1898), should provide that the papers, files, and records in the proceedings of the school district or town board be submitted to him, to enable him to ascertain whether he should entertain the appeal on its merits.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

On August 3, 1907, the supervisors of the town of Centerville, Manitowoc county, made an order dividing school district No. 1 of that town and creating a new district. At the same time they made an order directing the clerk of district No. 1 to collect $192.35 in taxes and to pay this, together with $180.40 of the tax levied at the preceding annual school meeting, to the new district. Sec. 497, Stats. (1898), makes provision for appeals to the state superintendent from decisions of school district meetings or town boards which affect school districts, and such appeals "shall be taken and heard in the manner prescribed by him." The state superintendent has formulated "Rules Respecting Appeals" under the provisions of this section. The portions of these rules material to the instant case are as follows:

"1. An appeal must be in writing, addressed to the state superintendent, and signed by the appellant, but no particular form of statement is necessary.

"2. The appeal should be as brief as is consistent with a complete statement of the case. It should set forth the action or proceedings appealed from, and the reasons why such action should be set aside. . . . If the appeal relates to the formation or alteration of a district, a map or plat of the district or districts affected by the order from which the appeal is taken, showing the boundaries, location of the schoolhouses, and the situation of the marshes, rivers, and bridges of the territory in question, should be presented with and made a part of the appeal. A statement showing the assessed valuation of the district or districts, or of the several parts of a district divided, and the number of children over four and under twenty years of age residing in each, should accompany

the map, and form a part of the papers in the case. When the papers are completed they should be fastened together, numbered or lettered for reference, and an affidavit attached setting forth that the statements therein made are true, and that the map, list of children, and valuation of property are correct. . . .

"4. An appeal should be taken within thirty days from the performance of the act appealed from, or within thirty days after the action complained of has come to the knowledge of the appellant.

### "The Answer.

"1. The appellee has fifteen days in which to prepare his answer, and all the directions above given in reference to the preparation and service of a copy of the appeal papers should be complied with in preparing and serving the answer upon the appellant, before it is forwarded to the state superintendent. . . .

### "Replication or Rejoinder.

"A replication or rejoinder will be allowed, upon proof that new facts have come to the knowledge of the party wishing the rejoinder since the appeal or answer was submitted to the state superintendent, or that there are material errors in the statement of the other party.

### "General Remarks.

.      .      .      .      .      .      .      .

"If the appeal is not taken or the answer or rejoinder made within the prescribed time, the reasons for the delay must be given."

On August 22, 1907, Adolph Grotegut and other residents of school district No. 1, town of Centerville, Manitowoc county, appealed to the state superintendent from the orders of the town board of August 3, 1907, making a division of the existing school district and assessing the interest of the new district in the property of the old district. The appeal petition set forth the making of the orders, presented a map of the territory affected, described it, gave the facts as to the assessed value of the old and the new districts, the number of children of school age in the districts, the location of the

old school as regards accessibility by the children, the probable attendance at each of the schools in the new districts, and the facts that the old school grounds, although lying in the new district, are assigned to the old district, and that the school grounds for the new district are located only a quarter of a mile from the old school grounds. They asked that the orders of the town board be reversed and annulled. On August 30, 1907, an answer to the petition was filed with the state superintendent. Additional facts are set forth in it, and the signers pray for confirmation of the orders of the town board. No other papers were filed with the state superintendent, no other hearing was had, and no order was made by him or further steps taken until July 2, 1908, when he made a decision on the appeal, wherein he adverted to the fact that it did not appear that the orders of the town board were properly served, but upon review of the facts before him he reversed the orders of the town board on the merits of the petition. On August 1, 1908, a writ of *certiorari* from the circuit court for Manitowoc county for a review of the decision of the state superintendent was served upon him. The petition for the writ alleges that the decision of the superintendent is void: (1) Because he did not prescribe the manner in which such appeal should be taken and heard; (2) because no hearing relative to the merits of the appeal was had by or before the superintendent; (3) because the decision was not made and filed within "thirty days after the hearing of such appeal was closed, as required by sec. 497, Stats. (1898)." In his return to the writ the superintendent certifies that the appeal petition, the answer, and his decisions are all the papers which he had had before him as superintendent in relation to the appeal and his decision thereon, that no evidence was taken before him, and that he made his decision solely on the appeal petition and answer. The circuit court reversed the decision of the superintendent on the ground that the hearing before the superintendent had closed

within a reasonable time after the filing of the answer to the appeal petition, which was more than thirty days before the date of the superintendent's decision, and that the superintendent's decision was not made within thirty days after the hearing on the appeal was closed. This is an appeal from the judgment of the circuit court.

For the appellant there was a brief by *Schmitz & Groelle,* and oral argument by *F. F. Groelle.*

For the respondent there was a brief by *Voigt & Voigt,* and oral argument by *Edward Voigt.*

SIEBECKER, J. Sec. 497, Stats. (1898), provides:

"Any person conceiving himself aggrieved by any decision made by any school district meeting or by any town board in forming or altering or in refusing to form or alter any school district, or by any other thing done by any officer or board under the provisions of this chapter, may appeal to the state superintendent. Such appeals shall be taken and heard in the manner prescribed by him and he shall make and file his decision within thirty days after the hearing thereof is closed. The decision appealed from shall be operative until the same shall be reversed; and no decision on appeal to said superintendent made by him after the lapse of thirty days from the time the hearing thereof is closed shall be effectual."

The trial court held that the superintendent's decision annulling the order of the town board was not made within thirty days from the time the hearing on the appeal before him closed, and was therefore ineffectual. The appellant assails this holding of the trial court upon the grounds that the statutory provision, to the effect that the superintendent "shall make and file his decision within thirty days after the hearing thereof is closed," is merely directory, and further, that, if it be a mandatory provision, the face of the record fails to show that the superintendent's decision was not made within this thirty-day period. We cannot hold this provision of the statutes directory, in view of the legislative declara-

tion that the town board's decision shall be operative until reversed by the superintendent, and that no decision by the superintendent shall be effectual if made after the lapse of thirty days from the time the hearing of the appeal closed. This shows a clear legislative intent that it shall be imperative on the superintendent to make his decision within thirty days after the closing of the hearing before him. This legislative action leaves no room for a claim that the legislature contemplated that a decision might be rendered after the thirty-day period rather than that no decision should be made. On the contrary, the clear inference is that they intended to negative this by expressly providing that, if the decision should not be made within the prescribed time, then no effectual decision could be made. These conditions and provisions make the statute mandatory in terms. *State ex rel. Cothren v. Lean,* 9 Wis. 279; *State ex rel. O'Neill v. Trask,* 135 Wis. 333, 115 N. W. 823.

The contention that the decision was made within the thirty-day period after the hearing on appeal before the superintendent had closed is based on the grounds that under the rules of procedure prescribed by the superintendent for the prosecution of these appeals there is no provision declaring when the hearing thereof shall be deemed closed, and that the superintendent at no time declared it closed before he made his decision. These rules of procedure contain no provision expressly declaring when a hearing shall be deemed closed within the purview of the statute fixing the time for him to render his decision thereon. The statute provides that appeals shall be heard in the manner prescribed by him. This hearing manifestly embraces the steps taken and the acts done by the parties to the appeal in presenting to him the action of the town board, together with the facts and law relevant to the controversy. The hearing then must be closed when the last step has been taken by the parties for submitting the controversy to the superintendent. We must there-

fore look into the record to determine what was the last thing done in presenting this appeal to the superintendent. In the instant proceeding it consisted in the filing of the answer on August 30, 1907. Nothing was done thereafter by any of the parties to this proceeding. This act, therefore, operated to close the hearing on appeal before the superintendent, and all that remained was the rendition of his decision, which was made on July 2, 1908. This was ten months after the hearing had thus been closed, and long after the time had expired within which the statutes empower him to make an effectual decision in the matter. It was therefore wholly ineffectual, and left the town board's order in force. The trial court properly held that the superintendent's decision reversing the action of the town board was null and void.

It is furthermore urged that the trial court should have sustained the superintendent's decision reversing the town board's orders, because the record fails to show that the town board obtained jurisdiction in the proceeding. It is averred that there is nothing to show that the board gave the clerk of the school district to be affected five days' notice in writing of the time and place of meeting for the consideration of the contemplated division of the district. See *State ex rel. Stengl v. Cary,* 132 Wis. 501, 506, 112 N. W. 428. An inspection of the record presented on appeal discloses that neither the original papers and files on which the town board acted, nor copies nor proof of them, were embraced in the appeal papers before the superintendent. It cannot be ascertained from the record whether or not this notice was given to the district clerk. In this condition of the proceeding no adjudication respecting the alleged irregularity could be had, were it a proper subject of inquiry on *certiorari* for review of the action of the superintendent. It is, however, obvious that, in reviewing the proceeding before the superintendent, the question of the town board's jurisdiction cannot be inquired into, because the superintendent has no power or au-

thority under sec. 497, Stats. (1898), to determine that question. The inquiry here can embrace only such questions as are involved in a determination as to whether the superintendent made an effectual decision within the power conferred on him. The field of his authority does not include a review by him of questions of a town board's jurisdiction to make the order appealed from. The trial court properly refused to consider and determine whether or not the town board had had jurisdiction in the matter.

We deem it appropriate to call attention to the fact that the rules of procedure prescribed by the state superintendent for the hearing of these appeals do not prescribe that the papers, files, and records in the proceedings of the school district or school board should be submitted with the appellant's statement, the appellee's answer, or in any other manner. It seems that these documents and records should be returned to enable him to ascertain whether he should entertain on its merits the appeal for a review of the order appealed from. He is without power to adjudicate upon the question of the regularity of the procedure before the board going to its jurisdiction, but he should look into the record of the proceedings to ascertain whether his powers for a review of the merits of the order appealed from can be legally invoked.

*By the Court.*—Judgment affirmed.