STATE EX REL. GROTEGUT and others, Respondent, vs.
WUENSCH and another, Town Clerks, Appellants.

*January 11—January 30, 1912.*

*Schools and school districts: Creation of new district: Certiorari to
review action, of town board: Limitation: Laches: Appeal to
state superintendent.*

1. As a general rule a writ of *certiorari* to review the proceedings
   of a town board in such a matter as the creation of a new
   school district should not be granted after the expiration of
   two years after such proceedings are had.
2. The state superintendent has no authority, upon an appeal from
   an order creating a new school district, to determine the ques-
   tion of the jurisdiction of the town board to make the order;
   and pendency of such an appeal is not sufficient to excuse a
   delay of nearly three years in applying for a writ of *certiorari*
   to review the proceedings of a town board on the ground that
   there were jurisdictional defects therein.
3. Upon an application for the writ under such circumstances,
   where it appears that the people of the new district, in reliance
   upon the action of the town board, have maintained a school,
   collected school taxes, received an apportionment of state tax,
   and taken steps to acquire a site and contracted for a school
   house, and there is no showing that the writ is necessary to
   prevent injustice, it is *held* that there are no equitable grounds
   for making an exception to the rule limiting the issuance of
   such writ to two years.

APPEAL from a judgment of the circuit court for Manito-
woc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

On August 3, 1907, the town board of the town of Center-
ville, Manitowoc county, upon a petition of residents of parts
of school districts No. 1 and No. 4, made an order creating
school district No. 6 of the town out of the territory of district
No. 1, and another order making a division of the school prop-
erty of the old district between it and the new district.

On appeal to the state superintendent of public instruction
a decision was made reversing the order creating the new dis-
trict.   This decision was rendered more than ten months after

the. appeal was perfected.    On a writ of *certiorari* the circuit
court reversed the decision of the state superintendent under
sec. 497, Stats. (1898), on the ground that his decision had
not been rendered within thirty days after the appeal had
been submitted to him.    The decision of the circuit court was
affirmed by the supreme court in *State ex rel. Schuette v.
Cary,* 143 Wis. 83, 126 N. W. 562.

About six weeks after the rendition of the decision of the
supreme court, which was almost three years after the order
creating the new school district had been made, the relators
petitioned the circuit court for a writ of *certiorari* to review
the proceedings of the town board creating the new district,
·on the ground that there were jurisdictional defects in the
proceedings of the town board in creating the new district.
Upon proper proceedings the clerk of the new district was
made a party defendant and he also made a return to the
writ.

It appears from the returns to the writ that the order creat-
ing the new district was not to take effect until the next year.
At the proper time the new district was organized, officers
were elected, and resolutions adopted providing for the main-
tenance of a school by the district, the borrowing of money to
build a school house, etc.    These proceedings were repeated in
each of the first two years; no district school was separately
maintained by the new district; no taxes were collected by -
it; and no other proceedings for the maintenance of a school
taken, but the taxes in this district were collected therefrom
as if it were part of the old district, and the children of the
district attended school at the old district school house.    The
next year the new district maintained a school, collected taxes
for school purposes, received an apportionment of state taxes, -
paid rent for a building by making repairs, took a school cen-
sus, and did the acts necessary to the existence of an inde-
pendent school district.    At the next school meeting pro-
vision was made for raising the money to purchase a site for

the proposed new school building, plans were prepared for the building, and it is alleged that an excavation was made and that materials for the construction of the building were hauled to the premises. The work on the new school house, it is asserted, was stopped when the writ in this case was issued.

The defendants moved that the writ be quashed for the reasons (1) that more than two years had elapsed between the time of the making of the orders by the town board and the time of the issuance of the writ; (2) that the relators had been guilty of laches in applying for the writ; and (3) that great inconvenience to the public would result if the relief sought by the relators were granted.

The court held that, in view of the pendency of the former action, the relators had not been guilty of laches in instituting these proceedings, that any expense incurred by the new district had not been incurred with the acquiescence of the opponents to the creation of the new district and had not been incurred because of their inactivity, and that the orders creating the new district and making a division of the school property were admittedly void. Judgment was ordered for the relators, declaring the orders of the town board creating the new district and for a division of the school property void, and giving the relators costs. This is an appeal from such judgment.

*Edward Voigt,* for the appellant *Schuette.*

*F. F. Groelle,* for the respondent.

SIEBECKER, J. In the light of the facts and circumstances shown and from the history of the proceedings to create this new school district, as above stated, nothing appears showing that the orders of the town board creating the new district and apportioning the property were not in accord with the best interests of all persons concerned in the matter. They are assailed only because it appears that the town board failed to obtain jurisdiction to make them by reason of irregularities

in giving notice of their meeting to consider the petition. While a challenge to these orders for want of jurisdiction would necessarily result in setting them aside in a proper proceeding as a matter of right, that is not the situation now presented. The relators are now called upon to show that the issuance of this writ to review the town board's proceedings should be granted to prevent injustice being done. Admittedly, the relators are not within the two-year period to which the issuance of a writ of *certiorari* for reviewing the action of town boards in matters of this nature is usually limited. As declared in *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4, 16 N. W. 21:

"The party who has rights which a court is bound to protect may in all cases bar himself of that right by his laches; and as those who seek to review the judgments and orders of courts are, as a matter of public policy, required to take the proper steps for obtaining such review within a limited time, . . . there is great propriety in holding that the party who seeks to review and vacate proceedings not strictly of a judicial character, should proceed within a reasonable time to accomplish that purpose or be barred of his remedy."

To the same effect is *Wilson v. Heller,* 32 Wis. 457.

The question of the town board's jurisdiction to make the orders cannot be inquired into or determined on an appeal to the state superintendent under sec. 497, Stats. (1898). See *State ex rel. Schuette v. Cary,* 143 Wis. 83, 126 N. W. 562. To obtain such relief those assailing the action of the town board for want of jurisdiction were required to apply for a writ for that purpose. This they did not do for a period of nearly three years after the orders were made. This left the orders in force and operative, and authorized the residents of the new district to act under them. This they did, and they vigorously asserted in the litigation assailing them on the merits that they were justly made and should be confirmed. In reliance on the action of the town board the people of the district have taken steps for acquiring a school-house site and have

contracted to construct a building thereon. They also paid and received from the state the proper portion of the state school moneys, and provided at the district's expense accommodations and a teacher for one term of school, which was actually held in the district. This condition of affairs, when considered in the light of all the facts and circumstances of the parties, negatives all equitable claims of the relators for permission to prosecute this writ at this late day. We find no grounds upon which to justify this application as an exception to the rule limiting the issuance of a writ to the period of two years from the time the orders were made by the town board, and we feel constrained to deny the relief awarded in the proceeding by the trial court.

*By the Court.*—The judgment appealed from is reversed, and the proceeding remanded with directions to dismiss the writ.