STATE EX REL. OWEN, Attorney General, Respondent, vs. Mc-
INTOSH, imp., Appellant.

*April 27—May 15, 1917.*

*Statutes: Method of ascertaining fact, when exclusive: Intoxicating
liquors: Licenses: Number which may be granted: Population:
Cities: "Majority vote" in council: Appeal: Failure to prosecute:
Double costs.*

1. Where the statute designates a method by which a certain fact
   is to be determined or ascertained, such method is exclusive.
2. Under sec. 1565*d*, Stats. 1915, but one license to sell liquors can
   be granted in a city unless its population exceeds 500, as shown
   by the last preceding national census or official estimate thereof
   made by the bureau of the census of the United States govern-
   ment. The facts that there has been no such census since the
   city was incorporated, and that to enable it to incorporate there
   must, under sec. 925—9, Stats., have been a population of 1,500
   within the proposed city limits, do not affect the rule.
3. Under sub. (1), sec. 925—52, Stats., providing that no license to
   sell liquor in a city organized under the general charter law
   shall be granted except by a majority vote of all the members
   of the common council, and sec. 925—49, providing that the
   mayor shall not be counted in determining such a majority, a
   license could not be granted, where, four aldermen and the
   mayor being present, two aldermen voted "No" and two alder-
   men and the mayor voted "Yes."
4. In an action on behalf of the state to restrain the sale of liquors,
   where a defendant appealed from an order overruling his de-
   murrer to the complaint, but did not serve or file any printed
   case or brief on such appeal, double costs are awarded to re-
   spondent under sec. 2951, Stats.

APPEAL from an order of the circuit court for Bayfield
county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The appeal is from an order overruling the demurrer of
the defendant *McIntosh* to the complaint.

[No brief for appellant on file.]

For the respondent there was a brief by the *Attorney Gen-
eral* and by *John J. Fisher* of Bayfield, of counsel, and oral
argument by *Mr. Fisher* and *Mr. J. E. Messerschmidt,* as-
sistant attorney general.

Eschweiler, J.   The complaint in this action is brought on behalf of the *State of Wisconsin* by its attorney general and demands judgment that each of the defendants be enjoined from selling intoxicating liquors on certain premises in the city of Bayfield.

The demand for such relief was predicated upon quite a number of grounds.   Upon the overruling of the demurrer interposed, an appeal was taken by one of the defendants to this court, but no case or brief was served or filed on behalf of such appellant; and although the order might properly be affirmed under our rule for such failure, request has been made on behalf of the respondent that certain questions suggested by the attorney general should nevertheless be determined.

We deem it sufficient to say in this case that the demurrer was properly overruled upon the grounds hereinafter stated.

It is alleged that on October 26, 1916, a pretended license to sell liquors and drinks at retail upon the described premises was issued by the city clerk of Bayfield to the defendant *McIntosh;* that there was a license then in force issued by said city to another on June 30, 1916, for the year beginning July 1, 1916; that the city of Bayfield was incorporated as such in June, 1913; that since the organization and incorporation of Bayfield no United States census determining the population of said city has been made, nor has any official estimate thereof been made by the bureau of census of the United States government showing the population of such city; that no additional licenses could be legally granted except within the regulations expressed by the statute.

Sec. 1565*d,* Stats., regulates the question as to the number of licenses to be granted in any community.   Prior to 1915 the statute provided that one such license may be granted to and issued for each 250 inhabitants or fraction thereof in any town, village, or city in this state, such population to be determined by the last preceding state or national

census.    By ch. 453, Laws 1915, this regulation was changed from 250 to 500 inhabitants and such population was thereafter to be determined by the last preceding national census or official estimate thereof made by the bureau of the census of the United States government.

It has been repeatedly held by this court as well as others that such provisions must be strictly followed and that where a method, is designated by which a certain fact is to be determined or ascertained such method is exclusive.    *State ex rel. Terry v. Keaough,* 68 Wis. 135, 31 N. W. 723; *State ex rel. Treat v. Hammel,* 134 Wis. 61, 114 N. W. 97; *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 445, 446, 150 N. W. 526; 1 Woollen & T. Intox. Liq. sec. 365; 23 Cyc. 126.

The facts that a census was taken by local authorities under the provisions of sec. 925—9, Stats., for the purpose of incorporating such territory as a city and that there must have been a population within its proposed limits of 1,500 in order to incorporate as provided in sec. 925—7, cannot take the place of the prescribed statutory regulation as to the national census or official estimate from the national census bureau.    This view of the legislative intent is supported by the fact that by ch. 22, Laws 1917, this section, 1565*d,* is amended so as to provide that when new villages have been incorporated since the last preceding national census was taken, such population shall be determined by the census taken in the proceedings incorporating such villages.    Had it been intended that the census for the incorporation purposes might be used as the basis of information on the question of the number of licenses in cities, it is apparent that the amendment of 1917 would not have been expressly limited to villages.

At the time the question of the issue of the pretended license to the defendant was voted upon at the council meeting there were present, according to the record, four aldermen and the mayor.    On the motion to grant the license to de-

fendant two aldermen voted "Yes," two aldermen voted "No," and, the mayor voting "Yes," the motion was declared carried. Sub. (1), sec. 925—52, of the Statutes provides that no such license shall be granted except by a majority vote of all the members of the council. By sec. 925—49 of the Statutes it is declared that the mayor and aldermen shall constitute the common council, and that whenever a majority of the members of the common council is required to take any. action the mayor shall not be counted in determining such majority, and that the mayor shall have no vote except in case of a tie.

We hold that under these statutes and the record shown here the vote of the mayor could not be counted, and that lacking his vote there was not a majority vote of all members of the council in favor of granting such license.

From the nature of the proceedings taken in this action by the defendant and his failure to do more on this appeal than to merely take the same, and thereby causing a delay in the granting to plaintiff of the relief to which, under the complaint, it was entitled, we deem this a proper case in which to award double costs to plaintiff under sec. 2951, Stats.

*By the Court.*—The order of the circuit court is affirmed, with double costs in favor of the plaintiff against the defendant.