MILLER, Respondent, vs. KOERTH, Appellant.

*March 5—April 1, 1930.*

*William T. Kelsey* and *J. J. McManamy,* both of Madison, for the appellant.

*V. H. Cady* of Baraboo, for the respondent.

PER CURIAM. Plaintiff recovered judgment against the defendant for $1,500 damages and $207.03 costs. Notice of entry of judgment was served November 6, 1929. In the opinion of the trial judge the verdict was small, but on motion of the defendant he granted a stay of execution until November 12, 1929, to enable the defendant to perfect an appeal. On November 13, 1929, the defendant filed with the clerk of the circuit court for Sauk county a purported undertaking but served no notice of appeal. Plaintiff's counsel then called the attention of defendant's counsel to the fact that the undertaking was insufficient, that no notice of appeal had been served, and offered to stipulate that the appeal be sent up to be heard at the January, 1930, term of this court. Counsel for defendant failed to respond. On November 19th the defendant filed another undertaking and with it a notice of appeal, and served copies thereof on plaintiff's counsel on November 20, 1929. Plaintiff's counsel then attempted to ascertain whether the record would be certified to this court in time for the appeal to be placed upon the January, 1930, calendar. Receiving no response, plaintiff procured an order to show cause why the appeal should not be returned by the clerk of the circuit court to the clerk of this court in time to have the cause placed on the January, 1930, calendar. It appears from the motion papers, among other things, that the defendant's counsel stated that the judgment would be paid; that no fees of the clerk of this court or the clerk of the circuit court were paid by the defendant at the time of taking the appeal. The trial court made an order requiring the notice of appeal and the record save the bill of exceptions to be returned to this court, and that "the ends of justice require that the defendant prosecute his appeal with diligence and with all convenient speed at the January, 1930, term of the supreme court."

The time for the settlement and service of the bill of exceptions would have expired on January 6, 1930. On December 30, 1929, an order was procured by defendant's

counsel requiring the plaintiff to show cause why the time for settling the bill of exceptions should not be extended. This motion was resisted by the plaintiff, and upon a hearing the circuit court made an order from which it appears that no order for transcript of the testimony had been given; that the defendant had not advanced funds for that purpose, and the time for settling the bill of exceptions was extended upon condition that the direction for a transcript and the fees for same be given and paid not later than January 11, 1930. Time for service of the proposed bill was shortened and the cause appeared upon the January, 1930, calendar of this court. No printed case had been prepared, no bill of exceptions was on file, no brief of defendant's counsel. Plaintiff's counsel thereupon moved that the judgment be affirmed under the rule and that damages of ten per cent. in addition to interest and double costs be awarded the plaintiff under sec. 271.37, Stats. The defendant did not contest the affirmance of the judgment but did resist the imposition of the penalty and double costs.

The record in this case presents as clear an abuse of the right of a litigant to invoke the jurisdiction of the appellate court as any to be found in the books. Every circumstance upon the appeal indicates that it was not taken in good faith but solely for purposes of delay, to annoy and harass the plaintiff and prevent her from realizing the amount of the judgment.

Sec. 271.37, Stats., provides:

"The supreme court may in its discretion adjudge to the defendant in error or respondent in any writ of error or appeal in any civil action, on affirmance, damages for his delay in addition to interest, not exceeding ten per cent. on the amount of the judgment affirmed; and may also in its discretion award to him double costs."

The power conferred upon the court by this statute has been exercised in *Perkins v. Jacobs,* 99 Wis. 409, 75 N. W. 76; *State ex rel. Owen v. McIntosh,* 165 Wis. 596, 162

N. W. 670; and *State ex rel. Harvey v. Plankinton Arcade Co.* 182 Wis. 20, 195 N. W. 903.

It is considered that the facts in this case present a situation which requires the court to exercise the discretion reposed in it under the statute.

It is ordered that the judgment of the trial court be affirmed under the rule and that the sum of $170.70 be added to the face of the judgment, and that the plaintiff and respondent recover double costs in this court.