WURTH, Appellant, vs. AFFELDT and others (Board of State Bar Commissioners), Respondents.

*October 7—November 3, 1953.*

For the appellant there was a brief and oral argument by *Walter Wurth* of Madison, *in pro. per.*

For the respondents there was a brief and oral argument by *Harlan B. Rogers*, special counsel for the Board of State Bar Commissioners.

CURRIE, J.   While the defendant members of the board have set forth various reasons in support of their contention that the order of the trial court quashing the writ of certiorari should be affirmed, we believe that there is only one of said grounds which needs to be considered.  Such ground is that the time within which petitioner might institute certiorari

proceedings to review the action of the members of the board in marking the petitioner's bar-examination papers for the examinations given in 1941, 1942, 1943, and 1944 had expired prior to the filing of petitioner's petition in June, 1952.

The brief submitted in behalf of the defendants maintains that the certiorari proceedings in the instant case are barred by the six-year limitation contained in sec. 330.19, Stats. This raises the question of whether the provisions of ch. 330, Stats., are applicable to special proceedings, such as certiorari or mandamus.

Sec. 330.01, Stats., provides in part as follows:

"Civil actions can only be commenced within the periods prescribed in this chapter, except when, in special cases, a different limitation is provided by statute."

Sec. 330.14, Stats., which must be read in connection with sec. 330.19, provides: "The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued." It is highly significant that nowhere in ch. 330, Stats., is there any express statement which would indicate that any of the limitation periods imposed by said chapter are applicable to special proceedings.

The amendments to the rules relating to pleading, practice and procedure promulgated by this court, effective July 1, 1945, appearing in 245 Wis. p. v, made changes in quite a number of sections embraced within Title XXV so as to eliminate specific references to special proceedings. These amendments to the rules were drafted and presented for adoption by the advisory committee on rules of pleading, practice and procedure, pursuant to a recommendation made by Mr. Chief Justice ROSENBERRY set forth in the case of *In re Henry S. Cooper, Inc.* (1942), 240 Wis. 377, 2 N. W. (2d) 866, in which he pointed out the confusion which then existed in the statutory provisions relating to special proceedings and civil actions.

One of these changes was to amend sec. 260.01, Stats., defining the scope of Title XXV, and as so amended sec. 260.01 now reads:

"Title XXV relates to civil actions in the circuit courts and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in civil actions, and to special proceedings in such courts except where its provisions are clearly inapplicable or inappropriate to special proceedings."

However, sec. 260.02, Stats., was left unaltered, and continues to provide as follows:

"Remedies in the courts of justice are divided into:

"(1) Actions.

"(2) Special proceedings."

Special proceedings are specifically referred to in sec. 274.01, Stats., as well as civil actions, which section limits the time within which writs of error may be issued, or appeals taken, to this court.

Ch. 330, Stats., does not constitute part of our code of civil procedure found in Title XXV, but is part of Title XXX. Therefore, the changes made in sections of Title XXV which became effective July 1, 1945, above mentioned, would have no application to ch. 330.

In the recent case of *Buell v. Jefferson County Court* (1944), 175 Or. 402, 152 Pac. (2d) 578, 154 Pac. (2d) 188, 155 A. L. R. 1135, the Oregon court was confronted with the problem of whether its statute of limitations applied to a special proceeding such as mandamus, and it came to the conclusion that it did not. In its opinion in that case, the court pointed out that when the Oregon legislature enacted its code of civil procedure in 1862 it carefully preserved the distinction between actions at law, suits in equity, and special proceedings such as mandamus, which distinction has been continued in subsequent compilations of the Oregon statutes; and that, while some of the provisions relating to actions at

law were made specifically applicable to special proceedings, there was no statutory provision placing mandamus and other special proceedings within the operation of the general statute of limitations applicable to ordinary actions. These reasons advanced by the Oregon court for its conclusion that its general statute of limitations did not apply to special proceedings appear to us to be unanswerable, and should lead us to the same conclusion with respect to our own statute of limitations embraced in ch. 330, Stats., not applying to special proceedings, such as certiorari and mandamus.

This court in *State ex rel. Dalrymple v. Milwaukee County* (1883), 58 Wis. 4, 16 N. W. 21, seems to have assumed, without directly deciding, that our general statute of limitations had no application to certiorari proceedings. In that case certiorari was instituted in 1881 to review the action of the board of supervisors of Milwaukee county taken in 1873 to vacate a certain street in the city of Milwaukee. Sec. 4222, R. S. 1878, provided for substantially the same six-year statute of limitations now found in sec. 330.19, Stats. Sub. (3) of said sec. 4222 read as follows: "An action upon any other contract, obligation, or liability, expressed or implied, except those mentioned in the last two preceding sections" which wording is almost word for word that of our present sub. (3) of sec. 330.19 relied upon by the defendants in the case at bar. The court, however, in its decision in *State ex rel. Dalrymple v. Milwaukee County, supra,* made no reference to sec. 4222, R. S. 1878, in considering the question of whether the petitioner Dalrymple was barred by the eight-year lapse of time in instituting certiorari. The court pointed out that the then statutory period in which an appeal could be taken or a writ of error issued to the supreme court was two years, and, reasoning by analogy, held that the same period ought to bar the common-law proceeding for certiorari, and in its decision stated (p. 11):

"The question as to the time within which a common-law writ of certiorari ought to be allowed has been quite fully discussed in this case, and we deem it proper to add that, as a general rule, *it ought not to be granted after the expiration of two years after the judgment or proceeding has been perfected which is sought to be reviewed,* in analogy to the limitation of the time within which an appeal or writ of error may be taken. The application of this rule does not depend upon another question which has been also discussed in this case, viz., whether the party aggrieved by the proceedings is or is not entitled to the writ *ex debito justitiae,* or whether, in every case, the writ issues in the discretion of the court awarding it. The party who has rights which a court is bound to protect may in all cases bar himself of that right by his laches; *and as those who seek to review the judgments and orders of courts are, as a matter of public policy, required to take the proper steps for obtaining such review within a limited time, and not afterwards, there is great propriety in holding that the party who seeks to review and vacate proceedings not strictly of a judicial character, should proceed within a reasonable time to accomplish that purpose or be barred of his remedy.*" (Emphasis supplied.)

In the later case of *State ex rel. Grotegut v. Wuensch* (1912), 148 Wis. 218, 221, 134 N. W. 367, the court had before it a writ of certiorari to review the action of a town board creating a new school district, which certiorari proceedings were instituted almost three years after the order creating the new school district had been made. The court held that the proceedings were not timely instituted, because not brought "within the two-year period to which the issuance of a writ of certiorari for reviewing the action of town boards in matters of this nature is usually limited," citing *State ex rel. Dalrymple v. Milwaukee County, supra.*

The case of *McClutchey v. Milwaukee County* (1941), 239 Wis. 139, 300 N. W. 224, 300 N. W. 917, involved a taxpayers' action commenced in 1939, to enjoin payment of salary to an employee of the county of Milwaukee, who it was contended had been improperly certified in 1928 to his civil-service position. This court held that a taxpayers' action

would not lie for the reason that the plaintiff taxpayers had sustained no pecuniary loss. In the opinion on motion for rehearing, in discussing the issue of whether certiorari could be maintained, the court stated (p. 143):

"If his appointment was void, its validity could be at-tacked by certiorari by anyone who had such interest as entitled him to attack it. The other persons on the certified list obviously had such interest as entitled them to make such attack. Their time to attack by certiorari was limited to the time in which appeal lies from a judgment. *State ex rel. Dalrymple v. Milwaukee County,* 58 Wis. 4, 16 N. W. 21; *State ex rel. Grotegut v. Wuensch,* 148 Wis. 218, 221, 134 N. W. 367. If it be granted that for extraordinary cir-cumstances, certiorari might be granted after the time for appealing from judgments had expired, no extraordinary circumstances to warrant such issuing of the writ existed in this case. *Grotegut Case, supra.* If the time of the persons entitled to attack Boncher's original appointment by certiorari expired in the time appeal lies from judgments, such persons could not so attack it ten years after the appointment was made; . . ."

Petitioner in the instant case has advanced no reason for his long delay of approximately eight years, which has elapsed since the taking of his last bar examination in 1944, and the institution of this certiorari proceeding. Therefore, the above-quoted extract from *McClutchey v. Milwaukee County, supra,* is particularly pertinent. Petitioner's unexplained delay of approximately eight years in instituting this certiorari pro-ceeding clearly constitutes such laches as to bar the main-tenance of such proceeding.

In passing it should be noted that the statutory period for issuance of a writ of error or the taking of appeal to this court from a judgment is no longer two years (as was the situation when the *Dalrymple Case* was decided), but has been reduced to six months. (Sec. 274.01 (1), Stats.)

Petitioner in his brief cites but one authority on the ques-tion discussed on this appeal and that is *Petition of Heffernan*

(1943), 244 Wis. 104, 107, 11 N. W. (2d) 680, and quotes from a quotation appearing in that opinion taken from *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 359, 133 N. W 209, as follows:

" '. . . the question of its [administrative board's] jurisdiction is one always open to the courts for review; it cannot itself conclusively settle that question and thus endow itself with power. If no appeal from its conclusions be provided, the question whether it has acted within or exceeded its jurisdiction is always open to the examination and decision of the proper court by writ of certiorari.' "

In stating that the question, of whether an administrative board acted within or exceeded its jurisdiction, is *"always open"* to examination and decision of the proper court by writ of certiorari, if no method of appeal has been provided, the court only meant thereby that certiorari is the proper proceeding whereby to raise such question and not (as apparently assumed by petitioner), that the invoking of certiorari for such purpose might never be barred by the lapse of time.

*By the Court.*—Order affirmed.

BROWN, J., took no part.